228 So.2d 397 (1969)
Willie Chester GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 69-125.
District Court of Appeal of Florida. Second District.
November 7, 1969.
Rehearing Denied December 18, 1969.
*398 Robert E. Jagger, Public Defender, and Joseph F. McDermott, Asst. Public Defender, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Michael N. Kavouklis, Asst. Atty. Gen., Lakeland, for appellee.
LILES, Acting Chief Judge.
Appellant, Willie Chester Green, was charged with assault with intent to commit murder. He was tried by a jury and found guilty of the crime as charged. Appellant had been previously tried for the crime of murder in the first degree of One Clarence Saunders and found guilty of manslaughter. Both crimes were committed on November 4, 1967, within the span of a few hours and within the same area.
During the second trial, the prosecution put on evidence from the trial in the first degree murder case of Clarence Saunders. Appellant here charges among other things that the trial court erred in allowing evidence of the previous crime to be introduced in the trial for assault with intent to commit murder; that the court erred in allowing prosecution to ask leading questions of its own witness, the prosecutrix, as to threats made by appellant; that the court erred in its failure to grant judgment of acquittal because prosecutrix failed to make an in-court identification of appellant.
We have studied the record and the briefs in this cause and find the only point that warrants discussion is whether the trial court erred in allowing the evidence of the previous crime to become a "feature" instead of an "incident" in the instant case.
Two of the witnesses gave detailed testimony as to the prior crime. The bullet used in the prior crime was introduced into evidence and testimony as to it and the gun, in an attempt to show that the gun was the same as in the crime being tried, comprised a major portion of the trial court record.
Assuming that the evidence of the previous crime was relevant as required by Williams v. State, Fla. 1959, 110 So.2d 654, the question then arises whether the state was permitted to go too far in the introduction of testimony about the earlier crime causing the inquiry to transcend the bounds of relevancy to the charge being tried, and making the earlier offense a feature instead of an incident as prohibited by Williams v. State, Fla. 1960, 117 So.2d 473.
The 1960 Williams decision held that if testimony as to the prior crime becomes a feature of the case being tried, then the prosecution of the case veers from a development of facts pertinent to the main issue of guilt or innocence to an assualt on the character of the defendant which cannot be done unless he introduces his character into evidence.
The testimony as to the prior crime was not commensurate with that concerning the crime in the instant case in view of the fact that at the introduction of that evidence no limiting instruction was given. Since the record fails to show it, perhaps none was given for the jury to *399 consider. In any event, a limiting instruction as to the use of that testimony should have been given when such evidence was introduced. See Roberson v. State, Fla. 1898, 40 Fla. 509, 24 So. 474. In itself the mere volume of testimony concerning the prior crime would not necessarily make it a "feature" in the second case. However, when considered with the additional fact that no limiting instruction was given, the prior crime could well have become a "feature instead of an incident" of the instant case in the jury's mind. They could not be expected to know for what limited purpose the evidence of the prior crime was admitted.
For reasons stated above, we reverse and remand for a new trial.
MANN, J., concurs.
McNULTY, J., concurs specially with opinion.
McNULTY, Judge (specially concurring).
I agree that a reversal of the conviction herein is in order; and I further agree that the evidence of the prior offense, i.e. the killing of Clarence Saunders, became a "feature" of the case instead of an "incident." Indeed, exclusive of the F.B.I. agent who testified only on the matter of ballistics, five of the remaining seven witnesses testified solely or substantially about the Clarence Saunders shooting. Parenthetically, I doubt whether a "limiting instruction" would cure such defect; and further, I question whether, assuming relevance of the evidence, such an instruction is even necessary.
At any rate, I would go further than the majority goes, and would expressly hold that all the evidence concerning the prior offense should have been excluded as irrelevant. It is understandable why the court admitted such evidence, since it was proffered on the representation by the prosecution that subsequent ballistics testimony would show that the gun used to kill Saunders, and which was found later in the possession of the defendant shortly after the shooting of Minnie Lou Corbett in the instant case, was the same gun used to shoot Minnie Lou Corbett. In other words, it was said, such evidence was relevant to identify the defendant as the perpetrator of the instant offense by connecting up the identity of the one weapon used in both offenses. It was also argued that evidence of the Saunders killing was relevant to show "intent" to kill in the instant case, an essential element of the crime charged herein, and to show a "plan or scheme."
The record is clear, however, that subsequent ballistics testimony was negative; and the expert could not identify the bullet taken from Minnie Lou Corbett's wound as having been fired from the same gun that killed Saunders. Evidence of the Saunders killing therefore was not competent to "identify," through the gun, a single perpetrator of both crimes.
As to establishing an "intent" or "scheme" to kill Minnie Lou Corbett by showing that the defendant killed Saunders, the record is completely devoid of any connection between the two victims. In fact, there is not one scintilla of evidence to indicate that the two even knew each other. It is true that the evidence tended to show that Saunders was almost an "accidental" victim. That is to say, the circumstances of the Saunders killing involved difficulties between the defendant and one Margaret Riley, a neighbor of Saunders, with whom the defendant had been living for two years, and that the defendant had gone to Margaret Riley's house really to do harm to her. Saunders was killed in the role of a Samaritan on behalf of Riley. But the record is silent as to any connection between Margaret Riley and Minnie Lou Corbett, the victim here. True it is that each had been a girl friend of the defendant, Margaret Riley of recent vintage and Minnie Lou Corbett some five years previously, but no *400 rivalry or other connection or liaison between them was even inferred, let alone shown. In fact, it is uncontroverted that Minnie Lou, at the time of the shooting herein, was married to, and living with, one Corbett with whom, for aught that appears, the defendant was not even acquainted. So the mere fact that the defendant may have intended to shoot Margaret Riley that night, when Saunders was killed, is not a circumstance competently probative of the lone inference that the defendant was out to kill girl friends both new and old, and thus was not evidence of an "intent" to kill Minnie Lou Corbett.
At most, the evidence of the Saunders killing was relevant and probative of nothing more than "propensity," which is the one exception to the admissibility rule enunciated in the Williams case, 110 So.2d 654, relating to similar fact evidence. Evidence of the Saunders killing was inadmissible, therefore, and was not relevant to either "identity," "intent," or "scheme." Accordingly, I would reverse for these additional reasons.