235 So.2d 721 (1970)
Bobby Allen BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 38835.
Supreme Court of Florida.
May 13, 1970.
Rehearing Denied June 11, 1970.
John Gale of Gale & Goldman, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Michael J. Minerva, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was convicted of murder in the first degree in the death of John Charles Wood and was sentenced to death. The murder occurred during the course of the robbery of a coin laundry operated by Wood. The victim was lying on the floor and was shot when he grabbed the foot of appellant.
Appellant contends that the evidence was insufficient to prove his guilt beyond and to the exclusion of every reasonable doubt. The State's case rests on appellant's confession to his friend, John Rainey, Jr., finger and palm prints of appellant on the telephone extension which was jerked from the wall when the crime was committed, and testimony of another robbery committed by appellant five days before the crime in question. Also, Luis Medina, who was shot and wounded by appellant as Medina entered the laundry, gave a partial identification consistent with appellant's appearance.
The witness, John Rainey, Jr., a 17 year old boy who was well acquainted with appellant, testified as to a conversation he had with appellant, in part as follows:
"[H]e [appellant] just said he was in the place and said he just shot him because the man had him by the foot. That's what he said.
"Q Who said that?
"A Bobby.
"Q Did he say where the man was when the man grabbed him by the foot?
"A He said he was on the floor.
"Q Was there any conversation about this other man who was shot?
"A Yes. He said, how did he identify his clothes, and all I said was, `There was another man shot.'

*722 "Q Who asked how he identified the clothes?
"A Bobby.
"Q And you said there was another man shot?
"A Yes.
"Q Did he say anything?
"A He said, `I should have killed him, too.'"
Appellant contends that Rainey's testimony and statements as to the events and conversations are inconsistent with one another. The nature of this inconsistency is not significant. In any event, the jury was entitled to believe Rainey and his testimony is corroborated by other evidence in the case.
Appellant contends that the finger and palm prints taken from the telephone extension in the laundry were insufficient as evidence establishing his identity because the State failed to show that these prints could only have been left at the time the crime was committed. The case of Ivey v. State[1] is cited in support of this contention. If fingerprint evidence were the only basis for conviction this argument would be more persuasive.
Attention must be given to the testimony admitted in evidence that five days before the murder of Charles Wood, the appellant, armed with a pistol, robbed the Mug Bar located in the same general area as the laundry. He used the same filthy and profane language during the robbery of the Mug Bar and made the same kind of threats as he did while admitting the murder to Rainey.
During the laundry robbery, he apparently had required the deceased, Wood, to lie prone on the floor during the robbery and shot him in the top of the head with a pistol. When robbing the Mug Bar, he also forced the victims to lie down, showed a similar interest in harming people in the top of their heads by hitting one of his female victims on the top of her head with his gun as he was leaving and without any provocation. In both crimes he capped his violent performance by useless and sadistic acts similar in nature.
In Williams v. State,[2] this Court stated the rule regarding admissibility of evidence of other crimes as follows:
"Let us begin with a reminder that we here deal with so-called similar fact evidence which tends to reveal the commission of a collateral crime. Our initial premise is the general canon of evidence that any fact relevant to prove a fact in issue is admissible into evidence unless its admissibility is precluded by some specific rule of exclusion. Viewing the problem at hand from this perspective, we begin by thinking in terms of a rule of admissibility as contrasted to a rule of exclusion. With regard to similar fact evidence, illustrated by that in the case at bar, those who would exclude it invoke the principles of undue prejudice, collateral issues and immateriality. In so doing it appears to us that they disregard the basic principle of the admissibility of all relevant evidence having probative value in establishing a material issue.
"* * * The rule is subject to the lone exception that such evidence is inadmissible if its sole relevancy is to establish a bad character on the part of the accused."
Under the Williams rule, evidence of the Mug Bar robbery was properly admitted not to show a propensity for violence or an undesirable character, but to establish modis operandi and a pattern of violent misconduct. It is in the nature of circumstantial *723 evidence forming a part of the web of truth identifying the appellant as the killer.
We have carefully reviewed the record to determine whether the interest of justice requires a new trial as required by Florida Statute § 924.32(2), F.S.A., and find no basis for reversal of appellant's conviction.
Accordingly, the judgment of the lower court is affirmed.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW, THORNAL, CARLTON, ADKINS and BOYD, JJ., concur.
NOTES
[1] 176 So.2d 611 (Fla.App. 3rd 1965).
[2] 110 So.2d 654, 658 (Fla. 1959), cert. denied 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).