243 So.2d 434 (1971)
Charlie HINES, III, Appellant,
v.
STATE of Florida, Appellee.
No. 70-284.
District Court of Appeal of Florida, Second District.
January 27, 1971.
Rehearing Denied February 11, 1971.
Ronald K. Cacciatore, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Warren H. Peterson, Asst. Atty. Gen., Lakeland, for appellee.
LILES, Acting Chief Judge.
Appellant, Charlie Hines, III, was tried and convicted by a jury of the crime of *435 rape in the Circuit Court of Hillsborough County. The testimony showed that on November 18, 1968, two women were abducted at gunpoint from outside their apartment by two men. They drove the women to a secluded spot and raped them, after which they released the women in the vicinity of their apartment. Robert Lee Moore, the other abductor, testified at Hines' trial that he Moore, and Hines committed the crime. The state used a deaf mute as a witness and she testified through an interpreter that Charlie Hines had abducted and raped her on the previous night.
Appellant raises seven points on his appeal and we have considered them all. We find only the fifth point requiring comment. In this appeal Hines contends that the trial judge erred in allowing the deaf and dumb girl to testify before the jury about her alleged rape and maintains that this evidence became the feature of the trial rather than an incident and that it inflamed the jury.
Under the rule of evidence commonly known in Florida as the Williams Rule the test of admissibility of evidence is the relevancy of the evidence to some issue of the case being tried. Such relevant evidence will not be excluded merely because it points to the commission of another or separate crime. Williams v. State, Fla. 1959, 110 So.2d 654.
The record in this case reflects that the trial judge listened to a proffer of the deaf girl's testimony out of the presence of the jury. He then listened to argument of counsel for and against the admissibility of the evidence. The judge ruled that it was admissible under the Williams Rule.
The girl's statement was relevant to show the identity of appellant in a common scheme or plan. Her testimony showed that the gun and car he used and the pattern of abduction were similar to the gun and car and pattern of abduction of the case being tried and we believe that evidence was properly admitted.
We come now to the question of whether or not the testimony of the deaf mute girl was so prejudicial that it became a feature instead of an incident to the trial. Appellant relies on Green v. State, Fla.App. 1969, 228 So.2d 397, cert. den. Fla. 1970, 237 So.2d 540. There, this court ruled that Green's conviction should be reversed because a prior crime of manslaughter became the feature of the trial for assault with intent to murder. The instant case is clearly distinguishable from the Green case on this point. The Green case devoted itself almost entirely to the prior offense. In this case before this court only five pages of the testimony out of several hundred pages were related to the prior offense. We think the testimony of the deaf mute girl did not become a feature of the trial rather it was incidental to the trial. We further believe that the testimony given by the deaf mute girl was not in and of itself inflammatory.
For the foregoing reasons the judgment of the trial court is affirmed.
MANN and McNULTY, JJ., concur.