244 So.2d 188 (1971)
James FIVECOAT, Appellant,
v.
STATE of Florida, Appellee.
No. 70-518.
District Court of Appeal of Florida, Second District.
February 10, 1971.
*189 Stephen Nall, of the Law Offices of Alex D. Finch, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Warren H. Petersen, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Chief Judge.
Appellant Fivecoat appeals a judgment and sentence to life in prison pursuant to a jury verdict finding him guilty of the crime of rape, with recommendation of mercy.
The testimony reveals that the prosecutrix was walking home from work at approximately 10:15 p.m. because she had worked overtime and did not have a ride. She accepted a ride from a strange man at a street corner. At gunpoint the man drove her to some garages a short distance away and criminally assaulted her. Thereafter he drove her almost to her home and released her. Soon after she reached home the police were called and she gave them a description of her attacker. The next day Fivecoat was arrested and charged with forcible rape.
During the trial, after a proffer and argument of counsel, the court admitted the testimony of a fifteen year old girl who testified as to a similar attack by Fivecoat, but only after the court had admonished the jury that her testimony was to be considered only for the purpose of whatever probative value it might have touching upon the issues of identity and intent.
Fivecoat contends that the trial court erred in admitting the testimony regarding the alleged prior rape because the testimony was irrelevant and tended to show no more than the bad character of the accused. He further maintains that the only purpose this witness served was to inflame the minds of the jurors and her testimony became the focal point of the trial, condemned by Green v. State, Fla.App. 1969, 228 So.2d 397.
Green, supra, is distinguishable from the case sub judice. In the first place, the trial judge in this case gave a limiting instruction to the jury before the introduction of the testimony, which was not done in Green. We held in Green that the prior crime became the feature of the trial for intent to commit murder because that case was almost entirely devoted to the prior offense, whereas in the instant case the testimony of only one of thirteen witnesses related to the prior crime, and that witness' direct testimony consisted of only seven of 230 pages of the transcript. The young girl's testimony was merely incidental to the trial in question, Hines v. State, Fla.App., 243 So.2d 434, opinion filed in this Court on January 27, 1971. A reading of her testimony reveals that it was not inflammatory in and of itself, Hines, supra.
The girl testified that the prior attack occurred at approximately the same time of night as the assault charged in the information. She established that the automobile was a red Barracuda. She described the same method used in picking her up. The holster and the revolver used in the attack was described as being the same type used in the instant case. The same type of threats were made by putting the gun to her head, and the same type of crime was committed. She also gave a description of her attacker similar to the description given by the prosecutrix. The young girl's testimony established the similar method of operation, showed a common scheme or design and aided in proving identity. This evidence was therefore relevant and properly admitted under the Williams Rule, announced in Williams v. State, Fla. 1959, 110 So.2d 654. See Hines, supra; cf. Green v. State, Fla.App. 1966, 190 So.2d 42.
We have reviewed the other points raised by appellant and find no reversible error.
The judgment appealed is, therefore,
Affirmed.
LILES and HOBSON, JJ., concur.