247 So.2d 425 (1971)
John G. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 39207.
Supreme Court of Florida.
May 5, 1971.
Robert E. Jagger, Public Defender, and Joseph F. McDermott, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond Marky, Asst. Atty. Gen., for appellee.
CARLTON, Justice.
This is a direct appeal from a verdict and judgment convicting appellant John G. Williams, of the crime of rape (Fla. Stat. § 794.01, F.S.A.) without a recommendation of mercy by the jury. Jurisdiction of the appeal attached under Article V, Section 4(2), Florida Constitution, F.S.A. We affirm the judgment entered below.
The facts presented to the jury below included not only facts related to the commission of the rape offense for which appellant was convicted, but also facts pertaining to an unrelated murder committed by appellant shortly after he left the rape victim's home.[1] The propriety of connecting *426 these events at trial is one of two issues on appeal; the other issue concerns the introduction of evidence over appellant's objection that the evidence was the result of an unconstitutional search and seizure.
The rape victim testified that she was awakened late at night in her Pinellas County home by the sounds of someone tripping over an electric fan placed in the doorway of her bedroom. She then heard a man say to her that "she had been watched" and that he had "come to make love to her." This he did, twice, while holding her captive at gunpoint. The assailant left on foot shortly before the victim's mother, the only other occupant of the house, returned from a night out. The mother found her daughter in an hysterical condition. Fearful that the assailant was still in the area, the victim and her mother hid in the house for three-quarters of an hour before summoning help. During this time, they heard a gunshot in the distance.
Shortly after the time of night when the assailant left the rape scene, Mr. and Mrs. George Glasco heard noises outside their dwelling. They lived a block away from the rape victim's home. Mr. Glasco investigated. He was shot to death by the intruder, who vanished in the night.
The rape victim could not see her assailant well enough to identify his face because he kept the house in darkness and shied away from any light. But she could report the following: the assailant had "dirty blond hair," was close to six feet in height and was of medium build; he wore a white shirt, patched on one side, and dark trousers; his clothes were soiled; he had a pistol; he spoke of being in trouble with the police and of being in prison previously; and, finally, that he had been drinking.
Because of the last clue, the police checked the bars in the area. The proprietress of one bar readily identified the clothing as that having been worn by a patron earlier that evening. She said that the patron lived in the vicinity. Although she could not identify him by name, she did know that the patron was with a man named James Massey. The proprietress said that the patron appeared to have a tool of some kind in his back pocket because a handle was sticking out in the open.
Because the assailant kept the house in darkness, the victim could not identify him by his face; in fact, at preliminary proceedings, she identified the wrong man. The State was concerned with fulfilling its obligation of presenting a proper case, and it was realized that appellant had to be connected in time and place with the rape. Appellant's fingerprints and palm print were taken from the utility room where he had forced an entry into the house. But this showed only that he had been there, not when he had been there. See Bryant v. State, 235 So.2d 721 (Fla. 1970); Wilkerson v. State, 232 So.2d 217 (2nd D.C.A. Fla. 1970); Ivey v. State, 176 So.2d 611 (3rd D.C.A.Fla. 1965); Tirko v. State, 138 So.2d 388 (3rd D.C.A.Fla. 1962). Pubic hair taken from the victim's bed had microscopic characteristics identical to appellant's pubic hair, but this is not conclusive as to identity. The ripple-soled shoe-print could also have been left at any time.
The State sought to establish appellant's presence by drawing upon evidence connected with the death of Mr. Glasco under the general rule that evidence of independent crimes is admissible to prove identity. Nickels v. State, 90 Fla. 659, 106 So. 479 (1925). Thus it was brought out at trial that while the victim and her mother were still hiding, they heard a shot fired somewhere in the neighborhood. It was also brought out that at this time, approximately three hundred yards away, Mr. Glasco was killed as he was investigating noises made by a prowler. Ballistics tests proved that the bullet which ended Mr. Glasco's life was fired from the pistol found in appellant's dwelling. Mrs. Glasco was allowed to testify briefly about the events leading to her husband's death.
A maneuver of this nature must be cautiously limited within the boundaries suggested *427 by Williams v. State, 117 So.2d 473 (Fla. 1960), text 475, 476:
"Inasmuch as evidence of the later crime was admissible only because of its relevancy to the identity of the accused and the murder weapon and the similarity of the pattern defined in the two incidents, the question then arises whether or not the state was permitted to go too far in introduction of testimony about the later crime so that the inquiry transcended the bounds of relevancy to the charge being tried, and made the later offense a feature instead of an incident. This may not be done for the very good reason that in a criminal prosecution such procedure devolves from development of facts pertinent to the main issue of guilt or innocence into an assault on the character of the defendant whose character is insulated from attack unless he introduces the subject."
The trial judge was well aware that the State's reliance upon this course could prove fatal to its case. When appellant's counsel objected to the introduction of testimony by Mrs. Glasco, the judge overruled the objection with this observation:
"The State's burden is to tie all of these together. And their failure to do so may be fatal to their case. I think they have to do it a piece at a time. But if this testimony would develop along those lines, it would go to his proximity in the neighborhood at the time of the crime charged in this trial and would go to his identification.
"Again, the gun tying in and seized at his residence along with the clothing in the residence I think it would be a complete circle if it all ties in. I don't feel we should dismiss this evidence of another offense and force the State to restrict its testimony relative to identification and proximity in the neighborhood at the time and place of the other offense."
We believe that the State did "complete the circle" and "tie it all in." The evidence and testimony objected to by appellant properly established appellant's presence with a pistol in the neighborhood at the approximate time of the rape, thus linking him with the descriptions given by the rape victim and establishing a connection in time between his fingerprints and palm print and his entry into the victim's house. See Williams v. State, 143 So.2d 484 (Fla. 1962); Williams v. State, 117 So.2d 473 (Fla. 1960); Williams v. State, 110 So.2d 654 (Fla. 1959); Thomas v. State, 132 Fla. 78, 181 So. 337 (1937); I Underhill, Criminal Evidence, § 207 (5th ed.) at 476-77.
Appellant also contends that error was committed when the trial court failed to give the jury an instruction on the limited purpose of the Glasco-related evidence and testimony. The State has pointed out that no instruction on this was requested by appellant at trial. Fla. Stat. § 918.10(4), F.S.A. provides that a party may not complain on appeal about a failure to give an instruction unless an objection has been made before the jury retires; see Pearsall v. State, 215 So.2d 58 (1st D.C.A.Fla. 1968); Miller v. State, 102 So.2d 737 (1st D.C.A. Fla. 1958). Whether failure to give an instruction can constitute fundamental error compelling a new trial in the interests of justice would depend upon the facts of the case. Compare Green v. State, 228 So.2d 397 (2nd D.C.A.Fla. 1969) with Baker v. State, 241 So.2d 683 (Fla. 1970). We do not find a situation here which would warrant the conclusion that fundamental error was committed because no instruction was given.
Finally, appellant asserts that much of the evidence produced at trial was the fruit of an illegal search and seizure occurring when the police arrested him in his house. We find that the officers were amply justified in arresting appellant without a warrant under Fla. Stat. § 901.15(3), F.S.A. and that the circumstances of their entry complied with the requirements of Benefield *428 v. State, 160 So.2d 706 (Fla. 1964), text 710.
Having considered the record and evidence in accord with the mandate of Fla. Stat. § 924.32(2), F.S.A., we conclude that the conviction was justified, supported by the evidence and free from error. The conviction is affirmed.
It is so ordered.
ROBERTS, C.J., ERVIN, BOYD and DREW (Retired), JJ., and MASON and HALL, Circuit Judges, concur.
NOTES
[1] Appellant was indicted for murder of George Glasco on August 20, 1969, and convicted of murder in the first degree on October 30, 1969, with a recommendation of mercy; his conviction is currently on appeal in the District Court of Appeal, Second District.