287 So.2d 419 (1974)
Lonnie Airfornia MARION, Appellant,
v.
STATE of Florida, Appellee.
No. 73-212.
District Court of Appeal of Florida, Fourth District.
January 8, 1974.
*420 Richard L. Jorandby, Public Defender, and Bruce J. Daniels, Asst. Public Defender, and Curtis G. Levine, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Thomas M. Carney and Nelson E. Bailey, Asst. Attys. Gen., and Stephen R. Koons, Legal Intern, West Palm Beach, for appellee.
MAGER, Judge.
Defendant was charged with and convicted of robbery. In this appeal defendant contends that the trial court erred in admitting evidence of another crime alleged to have been wholly independent of the crime for which defendant was on trial. Defendant admits that no objection was made in the trial court at the time the complained of evidence was received, but nonetheless asserts that the alleged error was "fundamental" in nature so as to justify appellate review without the necessity of objection.
In McPhee v. State, Fla.App. 1971, 254 So.2d 406, 410, the following proposition was set forth:
"... It is an accepted principle of law that errors occurring during the course of a criminal trial which are not assigned as grounds in support of a motion for new trial will not be reviewed on appeal unless the order or ruling constituting error was objected to at the time it was made. The foregoing rule is subject to the recognized exception that an appellant (sic) court will consider fundamental error appearing on the face of the record even though not assigned as a ground for motion for new trial... ."
*421 The definition of the term "fundamental error" is a somewhat illusive one. It has been defined as "error which goes to the foundation of the case or goes to the merits of the cause of action." Ashford v. State, Fla. 1973, 274 So.2d 517. The definition of "fundamental error" can, perhaps, be better understood by looking at the examples of such "error". See 2 Fla.Jur.Appeals §§ 87 and 290; 1 Fla. Law & Practice, Sec. 133; Florida Civil Practice After Trial, published by The Florida Bar, Sec. 5.21.
Some errors may be fundamental regardless of the nature of the facts of the case, such as where there is an obvious and direct comment made by the prosecutor on the failure of defendant to testify. In other instances, the facts of the case will determine whether or not a particular omission or commission constitutes fundamental error. Williams v. State, Fla. 1971, 247 So.2d 425; Miller v. State, Fla.App. 1971, 246 So.2d 169; Jefferson v. City of West Palm Beach, Fla.App. 1970, 233 So.2d 206; Radford v. Town of Palm Beach Shores, Fla.App. 1972, 267 So.2d 36.
In our opinion the unobjected to evidence of defendant's involvement in a collateral crime does not, under the circumstances of this case, fall within the "fundamental error" doctrine. But see Davis v. State, Fla.App. 1973, 276 So.2d 846; Green v. State, Fla.App. 1969, 228 So.2d 397. Accordingly, the complained of evidence not having been objected to below or otherwise preserved, further review by an appellate court is precluded.[1]
Although we must reject defendant's contentions and affirm the decision of the trial court on those aforementioned established principles of law applicable to this case, we cannot help but express our profound concern about the increasing reliance upon similar fact evidence in circumstances where such evidence has, at the most, "borderline" relevancy. See for example Davis v. State, supra; Green v. State, supra; Simmons v. Wainwright, Fla.App. 1973, 271 So.2d 464; State v. Brown, Fla.App. 1972, 257 So.2d 263. The basic purpose of and the historic development behind the rule relating to the admissibility of similar fact evidence is fully and lucidly set forth in Williams v. State, Fla. 1959, 110 So.2d 654; see also Green v. State, Fla.App. 1966, 190 So.2d 42. However, the questionable use (and potential abuse) of such evidence causes us to emphasize the philosophy of the Williams rule by quoting Mr. Justice Thornal in State v. Norris, Fla. 1964, 168 So.2d 541, 543:
"In Williams v. State, supra, we undertook to examine in depth the rules governing the admissibility of similar fact evidence as proof of a fact in issue in a criminal case. We there held that similar fact evidence is admissible if relevant, except to prove bad character or criminal propensities. Such evidence is not objectionable merely because it points to the commission of another crime. The objective to be accomplished by allowing such evidence is not proof of a collateral crime outside of the indictment. Its purpose is to prove a fact in issue in the case before the Court. Its relevancy will not be destroyed merely because it would also be relevant to the proof of a separate crime... ." (Emphasis added.)
We deem the underlined words to be the essential determinative standard, i.e., relevant, that is to say, "to prove a fact in issue in the case before the Court". If there is no fact "in issue" there is no relevancy and the collateral evidence should not be admitted. See 13 Fla.Jur. *422 Evidence § 113. Evidence is admissible if it is relevant to prove identity, to show a common scheme or design, to show guilty knowledge, to prove intent, motive or pattern, to show absence of mistake, to show a system of general pattern of criminality, to disprove an alibi, to disprove unlawful entrapment, or as a part of the res gestae. If none of these elements are "in issue" relevancy disappears and such evidence is inadmissible. Obviously, if a person's identity is not at issue, e.g. eyewitness testimony clearly identifying the accused, how is it relevant to introduce evidence that the defendant was "identified" as having participated in another criminal act. And if identity is in issue, the mere fact that a defendant was identified as being involved in another crime does not render such collateral evidence admissible without some similarity in the operation and scheme of both crimes; there is clearly an interrelationship between method of operation, common scheme or design and identity. Whitehead v. State, Fla.App. 1973, 279 So.2d 99; see, in particular, Williams v. State, Fla. 1960, 117 So.2d 473; Williams v. State, Fla. 1962, 143 So.2d 484. See also Bogan v. State, Fla.App. 1969, 226 So.2d 110; Winkfield v. State, Fla.App. 1968, 209 So.2d 468; Five-coat v. State, Fla.App. 1971, 244 So.2d 188; Talley v. State, 1948, 160 Fla. 593, 36 So.2d 201.
It is fervently hoped that the prosecution will be mindful of the admonitions set forth in Davis v. State, supra; utmost care must be taken to insure the proper utilization of "Williams rule" evidence otherwise a judgment will be reversed. Cf. Thomasson v. State, Fla.App. 1973, 277 So.2d 299. Whenever a reversal is predicated upon a Williams rule misapplication we find ourselves in the situation which Judge Wigginton observed creates "consternation among laymen and brings the entire judicial system into disrepute". Abram v. State, Fla.App. 1968, 216 So.2d 498. See also Lucas v. State, Fla.App. 1971, 257 So.2d 261.
Affirmed.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] It is well to observe that the record in the case sub judice reflects that the trial court gave a limiting instruction as to the use of the testimony of the collateral crime, which in our view further serves to diminish any characterization of the complained of evidence as being fundamental error. See Green v. State, Fla.App. 1969, 228 So.2d 397. In our opinion the error complained of did not injuriously affect the substantial rights of the defendant. See State v. Wilson, Fla. 1973, 276 So.2d 45.