McCAULEY, Associate Judge.
This Appeal arises from judgments of conviction of (I) conspiracy to commit a felony, and (II) arson in the third degree, rendered in the Seminole County, Florida, Circuit Court.
Count I of the third amended information alleged that Mr. Evans committed the following acts in Orange and/or Seminole County, Florida, between August 12, 1973, and September 20, 1973:
“ . . . did unlawfully, willfully and maliciously procure the burning of personal property, to-wit: Twenty five (25) trucks in Seminole County, Florida, of the value of more than Twenty-five ($25.00) dollars, the property of Air-Flow Heating and Air Conditioning, Incorporated, a corporation, by procuring Benjamin Hanes to burn said personal property and Benjamin Hanes pursuant to . Daniel Evans’ procurement did, with the assistance of Arthur Brundon, unlawfully and maliciously set fire to and burn 'said personal property in violation of Florida Statute § 806.03.”
*704 Count II charged that Mr. Evans:
“ . . . did unlawfully agree, combine, conspire and confederate with Arthur Brundon and Benjamin Hanes to set fire to and burn twenty-five (25) trucks, in Seminole County, Florida, of the value of more than Twenty-five ($25.00) dollars, and the property of Air-Flow Heating and Air Conditioning, Incorporated, a corporation, in violation of Florida Statute § 833.04.”
Appellant argues two points involved in this appeal. Appellant first alleges three violations of constitutional due process: The right to notice of the charges against him, the right to confront and cross-examine witnesses and the right to a trial free of irrelevant, prejudicial evidence. In support of this point Appellant alleges that at trial the State presented evidence and argument in support of a theory of the case based upon a claimed labor dispute between a local union, of which Appellant was a member, and Air-Flow Heating and Air Conditioning, Inc. The prosecutor injected the union controversy theory at the beginning of the trial in his voir dire examination; he further developed this theory in the course of his opening statement. Over objection, the prosecutor was allowed to present testimony from company officials concerning an alleged labor dispute dating back more than a year prior to the dates alleged in the charges. Appellant contends that this testimony constituted hearsay and had no relationship to Appellant or the factual issues as framed in the charges.
Appellant suggests that the testimony relating to the labor dispute was highly damaging and prejudicial, but he does not establish how he was harmed thereby. He admits that the essential elements of the crimes charged were established, even without the labor dispute testimony. Therefore, even if error was committed, it would be harmless.
Appellant’s second point alleges a violation of the Williams Rule where the trial court admitted evidence of collateral offenses. The Williams Rule, albeit Williams v. State, 110 So.2d 654 (Fla.1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86, announced the general rule that:
“ . . . similar fact evidence is admissible if relevant to a fact in issue even though it also points to the commission of a separate crime. The rule is subject to the lone exception that such evidence is inadmissible if its sole relevancy is to establish a bad character on the part of the accused.” Williams at 658-659.
A second exception has been added of inadmissibility if the sole relevancy is to show a propensity to commit crime. Baker v. State, 241 So.2d 683 (Fla.1970). Similar fact evidence (collateral offense) has been found admissible to prove identity, Fivecoat v. State, 244 So.2d 188 (2nd D.C.A.Fla. 1971); to prove pattern or intent, Ashley v. State, 265 So.2d 685 (Fla.1972); to show a general pattern of criminality, Marion v. State, 287 So.2d 419 (4th D.C.A.Fla.1969); to show a pattern of violent conduct, Bryant v. State, 235 So.2d 721 (Fla.1970); and to rebut possible defenses, Gordon v. State, 288 So.2d 295 (4th D.C.A.Fla.1974).
The recent Florida Supreme Court case of Ashley, supra, reaffirmed Williams stating:
“It is well settled in this state that evidence of other crimes is admissible if it casts light on the character of the act under investigation by showing either motive, intent, absence of mistake, common scheme, identity or a system or general pattern of criminality so that the evidence of such other crimes would have a relevant or material bearing upon some essential aspect of the offense then being tried.” Ashley at 693.
Appellant contends that the evidence admitted in violation of the Williams rule in the instant case involved the hearsay testimony of company managers, Blodgett and Cousineau, concerning a claimed labor-management dispute which occurred approximately one year prior; the testimony of Benjamin Hanes concerning acts of destruction he claimed to have committed at the request and direction of a Mr. Beck over the previous five years about which Arthur *705 Brundon also testified; and evidence of conversations between Mr. Evans, Mr. Hanes and Mr. Brundon concerning other proposed acts of destruction involving other businesses.
The State contends, and we agree, that this evidence was relevant and properly admitted to show motive, intent and common scheme or design. The testimony showed that Appellant Hanes, and Brundon had been involved in other acts of industrial sabotage against non-union businesses as part of the union’s organizational effort.
There being no error demonstrated here which would mandate a reversal and new trial, the judgment of the lower court is hereby affirmed.
DOWNEY, J., concurs.
WALDEN, J., dissents, with opinion.