PER CURIAM.
The appellant claims error by the trial judge in failing to instruct the jury at the close of the case as to the purpose and use of evidence of the appellant’s participation in alleged similar crimes. The trial judge, in anticipation of counsel’s reference to such testimony in opening statements, gave an instruction to the jury before the trial began in which he properly cautioned the jury concerning the use of such evidence. The instruction given was very similar to one quoted in the case of Talley v. State, 160 Fla. 593, 36 So.2d 201 (1948). The judge declined to repeat the instruction at the end of the case and we can see no prejudicial error arising from his decision, since he did, at an appropriate time before any mention was made of such evidence, caution the jury on its use. Appellant’s counsel was certainly free thereafter, if it was felt necessary, to remind the jury of the court’s instruction.
We have also reviewed the entire record in view of appellant’s assertion that the collateral matters were allowed to become a “feature” of the trial. Green v. State, 228 So.2d 397 (Fla.2d DCA 1969). Our review of all the evidence, together with the cautionary instruction given by the court, convinces us that no prejudicial error occurred in receipt of evidence of the collateral matters.
Accordingly, the judgment of the trial court is affirmed.
ANSTEAD and LETTS, JJ., and WETH-ERINGTON, GERALD T., Associate Judge, concur.