GLICKSTEIN, Judge.
This is an appeal from a conviction of robbery of a convenience store. Appellant raises two questions, one of which warrants discussion; namely, the sufficiency of the proof of appellant’s identity as the robbery by fingerprints isolated on a bottle in the store.
A sensible test for acquittal is recited in Sorey v. State, 419 So.2d 810, 812 (Fla. 3d DCA 1982):
Where the sole evidence linking a defendant to the crime is fingerprints found in a place or on a thing accessible to the general public and there is no other evidence to show that the prints were made at the time of the crime, see, e.g., Williams v. State, 247 So.2d 425 (Fla.1971), courts must conclude that a defendant is entitled to a judgment of acquittal. (Emphasis in original).
The second prong of the foregoing test was not met in this case because there was evidence to show that the prints were made at the time of the crime. The victimized *452 store clerk was so upset at being robbed (for the second time in days) that she got a better look at the gun displayed by the younger robber than at the two criminals. However, she watched the older robber pull out and hold up a quart of Miller from the beer cooler and put it back into the cooler. Later she pointed out to the I.D. technician the Miller bottle that the older robber had handled; and three of appellant’s fingerprints were found on it. We are not blind to the possibility that appellant, who lived in the neighborhood, could have touched the bottle without the clerk’s knowledge while it was stored in a carton stacked either under the cooler or at the end of the middle aisle some theoretical day prior to the robbery. It is not, however, incumbent upon us to overlook the victim’s direct testimony as to what she observed during the crime in favor of a theoretical possibility.
The judgment of conviction is affirmed.
BERANEK and HURLEY, JJ., concur.