PER CURIAM.
This cause is before us on appeal of a jury verdict finding appellant guilty of battery. The charge arose out of a fight at the Cross City Correctional Institution, which appellant helped guards break up. Several hours later, during a counseling session, a fight broke out between appellant and a guard. Other guards intervened, and appellant was subdued. Appellant was charged with battery on a correctional officer, a third-degree felony. The jury convicted appellant of simple battery, a lesser-included offense of battery on a correctional officer.
On appeal, appellant contends that the prosecutor’s closing argument, which belittled appellant’s defense of self-defense and told the jury not to show sympathy for appellant because he could have been charged with other batteries on several guards who intervened, required a new trial. After carefully reviewing the record, however, we affirm the conviction. Several of the prosecutor's comments were not unfair and were actually permissible comments on the evidence. Although the comment that appellant could have been charged with several other batteries was improper, no objection was made to it, and neither that comment nor any of the other, unobjected-to comments were so egregious as to amount to fundamental error. Consequently, they were not preserved for our consideration. See Clark v. State, 363 So. 2d 331 (Fla.1978); Ray v. State, 403 So.2d 956 (Fla.1981); Marion v. State, 287 So.2d 419 (Fla. 4th DCA 1974). Compare with Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979); Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984); Tuff v. State, 509 So.2d 953 (Fla. 4th DCA 1987); Rosso v. State, 505 So.2d 611 (Fla. 3d DCA 1987).
Considering the entire record, we do not believe there is a “reasonable possibility” that the jury was influenced by the errors which were objected to. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). *91 This case is, however, an example of ill-advised prosecutorial argument of the kind that can undermine efforts to secure valid convictions. A prosecutor’s obligation is to secure justice, not victory at any cost.
AFFIRMED.
BOOTH and WIGGINTON, JJ., concur.
ZEHMER, J., dissents with written opinion.