CARROLL, DONALD K., Acting Chief Judge.
The State in a criminal prosecution for violations of Sections 562.32 and 562.-34, Florida Statutes, F.S.A., has appealed from an order entered by the Circuit Court for Okaloosa County granting the defendant’s motion to quash the information on the ground of double j eopardy.
The sole question presented for our determination in this appeal is whether the said court erred in quashing each of the two counts in the information against the defendant on the ground of constitutional prohibitions against double j eopardy.
The two-count information in the case at bar charges that the defendant-appellee on December 12, 1970, in Okaloosa County
“did conceal and was concerned in concealing a beverage for or in respect whereof a tax is imposed by the beverage law or would be imposed if such beverage were manufactured in or brought into the state in accordance with the regulatory provisions thereof, with intent to defraud the state of Florida of such tax, namely, approximately 3}^ (three and one-half) quarts of intoxicating liquor, commonly called moonshine whiskey, and upon which beverage no tax has been paid, contrary to the provisions of section 562.32 of the Florida Statutes [F.S.A.],
SECOND COUNT:
“And your informant aforesaid, prosecuting as aforesaid, on his oath aforesaid, further information makes, that Charlie Hart on the 12th day of December, 1970, at and in Okaloosa County, Florida, then and there being, did then and there unlawfully have in his possession or control containers which he intended to use to bottle alcoholic beverages containing more than one per cent of alcohol by weight, such alcohol being commonly referred to as moonshine whiskey, the said containers being 61 bottles of the following sizes, to-wit: one-half pints, pints and quart size bottles, contrary to the provisions of section 562.34 of the Florida Statutes [F.S.A.].”
To this information the defendant promptly filed a motion to quash both counts on the ground that “he was charged with a violation of Section 562.451(1), Florida Statutes [F.S.A.], for possession of illegal alcoholic beverages, to-wit: less than one gallon of non-tax paid whiskey, in the County Judge’s Court of Okaloosa County, Florida on the 15th day of December 1970 and thereafter on the 21st day of December, 1970 entered a plea of guilty to said charge ■ in the County Judge’s Court and was adjudged to be guilty and thereupon the defendant was fined the sum of $76.00; that the said charge in the County Judge’s Court for possession of illegal alcoholic beverages (non-tax paid whiskey) was based on the same acts of the defendant as were involved in the alleged violation of Section 562.32 of the Florida Statutes [F.S.A.] in the First Count herein and in violation of Section 562.34 of the Florida Statutes [F.S.A.], in the Second Count herein and the said misdemeanor charged in the County Judge’s Court was an included offense and all three charges grew out . of the same alleged criminal episode on or about the 12th day of December, 1970 and therefore a trial in this Court on the First and Second Counts constitutes double jeopardy violative of the Fifth and Fourteenth Amendments to the United States Constitution.”
After a hearing on the defendant’s motion to quash, the said court entered the order appealed from herein, granting the motion, finding “that all three charges grew oqt of the same alleged criminal episode on or about the 12th day of December, 1970, and that the charge in the County Judge’s Court was an included offense of crimes charged herein under Counts One and Two, and the Court being of the opinion that to require the defendant herein to stand trial under Counts One and Two of the information filed herein would *152 constitute Double Jeopardy and that such trial is barred under the authority of Waller v. Florida, 90 S.Ct. 1180 [1184] (1970). * * * ”
We note that in the above-quoted order the Circuit Court cited only one authority for its holding: the recent decision of the United States Supreme Court in Waller v. State of Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). At first reading, that decision seems to support the Circuit Court’s order but, upon consideration in depth, we have reached the conclusion that the Waller case is not so supportive.
In the Waller case, supra, the petitioner in certiorari, one of the participants in the removal of a canvas mural from the city hall of St. Petersburg, Florida, was convicted on city charges in municipal court of violating two ordinances prohibiting the destruction of city property and prohibiting disorderly breach of the peace. He was sentenced by the municipal court to 180 days confinement in the county jail. Thereafter, he was charged by information by the State of Florida in the Circuit Court for Pinellas County with grand larceny. As the Supreme Court stated in its opinion: “It is conceded that this information was based on the same acts of the petitioner as were involved in the violation of the two city ordinances.”
In the said Waller case, before the trial in the Circuit Court on the felony charge, the petitioner moved in the Florida Supreme Court for a writ of prohibition to prevent the second trial, asserting the claim of double jeopardy as a bar, but relief was denied without opinion. State ex rel. Waller v. Circuit Court for Sixth Judicial Circuit In and For Pinellas County, 201 So.2d 554 (Fla. 1967). Thereafter the petitioner was tried in the Circuit Court and was found guilty of the felony of grand larceny. After the verdict in the state court he was sentenced to six months to five years less 170 days of the 180-day sentence previously imposed by the municipal court of St. Petersburg.
In the course of its opinion in the Waller case, the U. S. Supreme Court said, among other things:
“On appeal, the District Court of Appeal of Florida considered and rejected petitioner’s claim that he had twice been put in jeopardy because prior to his conviction of grand larceny, he had been convicted by the municipal court of an included offense of the crime of grand larceny. Waller v. State, 213 So.2d 623 (1968). The opinion of the District Court of Appeal first explicitly acknowledged that the charge on which the state court action rested ‘was based on the same acts of the appellant as were involved in the violation of the two city ordinances.’
* * * ^ * *
“A petition for a writ of certiorari to the Supreme Court of Florida was denied, Waller v. State, 221 So.2d 749 (1968). It is reasonable to assume that the Florida trial court and the District Court of Appeal considered themselves bound by the doctrine of Theisen v. McDavid, 34 Fla. 440, 16 So. 321, which at that time was being reasserted in Hilliard v. City of Gainesville, 213 So.2d 689, and had been reaffirmed by the Florida Supreme Court’s denial of a writ of prohibition sought by Waller on the claim of double jeopardy.
“We act on the statement of the District Court of Appeal that the second trial on the felony charge by information ‘was based on the same acts of the appellant as were involved in the violation of the two city ordinances’ and on the assumption that the ordinance violations were included offenses of the felony charge. Whether in fact and law petitioner committed separate offenses which could support separate charges was not decided by the Florida courts, nor do we reach that question. What is before us is the as *153 serted power of the two courts within one State to place petitioner on triali for the same alleged crime.
* * * * * *
“We decide only that the Florida courts were in error to the extent of holding that 'even if a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court.’ ” (footnote omitted)
In the portions of its opinion quoted above the U. S. Supreme Court itself imposed the limitations on the scope of its decision, and in considering the application of that decision we must do so in the light of those limitations.
In our opinion, the decision in Waller, which we recognize as binding upon us in the interpretation of the United States Constitution, is not applicable to the case at bar. There are many distinguishing facts between the two cases.
For instance, in the case before us the State does not concede that the acts forming the basis for the charges in the County Judge’s Court were the same as the acts involved in the Circuit Court prosecution. There was no “concession” that the same acts were involved as in the Waller case.
Secondly, the critical question in Waller had to do with the fact that the first trial was in a municipal court and the second was in a different sovereignty, i. e., the state court, while in the case at bar two state courts are involved.
In the Waller case the U. S. Supreme Court stated positively that what was before it was “the asserted power of the two courts within one State to place petitioner on trial for the same alleged crime.” Sections 562.32 and 562.34 — quoted above — are vastly different from the crime defined in the Section under which the appellant was convicted of violating in the County Judge’s Court — namely Section 562.451(1), which provides:
“Any person who owns or has in his possession or under his control less than one gallon of liquor, as defined in the beverage law, which was not made or manufactured in accordance with the laws in effect at the time when and place where the same was made or manufactured shall be guilty of a misdemeanor and, upon conviction, shall be punished by imprisonment in the county jail not exceeding 6 months or by fine not exceeding $500.00, or both.”
The just-quoted statute, under which the appellee was charged in the County Judge’s Court, creates a crime that differs greatly from the crimes described in Sections 562.-32 and 562.34, quoted above, under which the appellee was charged in the Circuit Court. First, the crime under the first statute is a misdemeanor, while the latter two statutes create a felony for much more serious and affirmative acts in relation to non-tax paid moonshine.
This guarantee against double jeopardy is contained in the constitutions of both the United States and the State of Florida. The Fifth Amendment to the U. S. Constitution provides: “* * * nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * *.” which amendment is made applicable to the states under the Fourteenth Amendment. See Benton v. State of Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Section 9 of the Declaration of Rights of the Florida Constitution of 1968, F.S.A. provides: “No person shall * * * be twice put in jeopardy for the same offense * *
Despite the fact that the above constitutional provisions specifically refer to double jeopardy “for the same offense,” the state and federal courts in many jurisdictions “hold that a conviction of a minor included offense will bar a subsequent prosecution for a higher crime embracing the minor offense, unless the first conviction was procured by the fraud, connivance, *154 or collusion of the defendant.” 21 Am. Jur.2d Criminal Law, Sec. 185, page 241.
In our opinion, the just-quoted rule is consistent with the decisional laws of this state, but this rule is not applicable here because there is nothing in the record before us from which to conclude that the charge against the appellant in the County Judge’s Court is either the same offense as those charged in the Circuit Court, or a necessarily included offense within the latter charges. We know of no judicial precedent for the Circuit Court’s statement that the three charges "grew out of the same alleged criminal episode on or about the 12th day of December, 1970 * *
Therefore, the order appealed from herein must be, and it is, reversed and the cause is remanded for further proceedings consistent with the views hereinabove expressed.
Reversed and remanded with directions.
JOHNSON, J., concurs.
RAWLS, J., specially concurs.