378 So.2d 870 (1979)
Jimmy BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 79-223.
District Court of Appeal of Florida, Second District.
December 21, 1979.
*871 Jack O. Johnson, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant Jimmy Bradley was charged in a single information with two counts of burglary and one count of dealing in stolen property. Upon defense motion the trial court severed the burglary charges from the charge of dealing in stolen property and two separate trials followed. Having been convicted on all counts in each trial, appellant now contends that the trial court erred by admitting into evidence at the burglary trial testimony concerning the offense of *872 dealing in stolen property and allowing into evidence at the trial for dealing in stolen property testimony relating to the two burglaries. He asserts that admission of this evidence relating to other crimes went beyond the dictates set out under the Williams Rule (Williams v. State, 110 So.2d 654 (Fla. 1959)).
All of the charges against appellant arose out of three separate burglaries allegedly committed by appellant and Albert Moore. The first burglary, of the residence of Ruth Fleming, occurred on the evening of June 15, 1978. A coin collection taken during this burglary was subsequently sold to a coin dealer, who identified appellant as one of the two men from whom he had purchased the coins. The second and third burglaries occurred on the evening of June 28, 1978. On that evening, Mary R. King awoke to find two men inside her home. The men threatened her, and she gave them five dollars, which was all the money she had. That same evening, Marie Muller was awakened by two men inside her home. The two intruders took about eighteen dollars from Muller. Neither King nor Muller was able to identify appellant as one of the burglars. However, appellant's coperpetrator testified and identified appellant as the other burglar.
During the course of appellant's trial for the Muller and King burglaries, the state, over objection, introduced evidence under the Williams Rule concerning the Fleming burglary and the offense of dealing in stolen property. Similarly, during the trial for dealing in stolen property, the trial court allowed the state to present evidence of the Muller and King burglaries. Appellant contends that in both trials the evidence of the "collateral offenses" had no relevant purpose other than to show bad character or criminal propensity and thus was inadmissible under Williams v. State, supra.
At the outset, we once again point out that the Williams Rule is not a rule of exclusion, but rather is a rule of admissibility. In Williams the supreme court made it quite clear that evidence of other crimes is admissible if such evidence is relevant to prove any fact in issue other than the bad character of the accused or his propensity to commit criminal acts.
After a review of the record, we can see no valid basis for introducing evidence of the Fleming burglary during the trial for the Muller and King burglaries. While it is true that all three burglaries occurred in the same neighborhood within two weeks of each other, somewhat similar "fabric marks" were found in each residence, and entrance was gained through a window in each instance, we hold that the evidence of the Fleming burglary had no relevance to the Muller and King burglaries other than to show bad character and criminal propensity on the part of appellant. As such it was inadmissible. More than a mere similarity between the collateral crimes and the offense with which the defendant is charged is necessary. Davis v. State, 376 So.2d 1198 (Fla.2d DCA 1979); Duncan v. State, 291 So.2d 241 (Fla.2d DCA), cert. denied, 297 So.2d 833 (Fla. 1974); cf. Dinkens v. State, 291 So.2d 122 (Fla.2d DCA 1974); see also Paul v. State, 340 So.2d 1249 (Fla.3d DCA 1976), cert. denied, 348 So.2d 953 (Fla. 1977); Drayton v. State, 292 So.2d 395 (Fla.3d DCA), cert. denied, 300 So.2d 900 (Fla. 1974).
There is even less basis to justify introducing the evidence of dealing in stolen property in the trial for the two burglaries, or to justify introducing evidence of the two burglaries in the trial for dealing in stolen property. The evidence of the dealing in stolen property had no relevance to the Muller and King burglaries; conversely, the evidence of the Muller and King burglaries had no permissible relevance to the charge of dealing in stolen property. The only possible relevance of such evidence was to show appellant's bad character or criminal propensity. Accordingly, we have no alternative but to reverse the judgment and sentence as to all three charges and remand to the trial court for new trial.
Because appellant may be retried, we feel obliged to discuss two additional matters. First, each burglary charge included *873 an allegation that during the course of the burglary appellant made an assault upon a person (Muller and King respectively). This allegation, if proven, would have rendered each offense a first-degree felony under Section 810.02(2)(a), Florida Statutes (1977). However, the jury found appellant guilty of "Burglary with Intent to Commit Petit Theft, as included" in the information. Accordingly, it is clear that the jury intended to and did find appellant not guilty of first-degree burglary. It is well settled that conviction of a lesser included offense is tantamount to an acquittal of the higher offense. Sanford v. State, 75 Fla. 393, 78 So. 340 (1918). Appellant's retrial for first-degree felony burglary is therefore prohibited under the principles of double jeopardy. Greene v. City of Gulfport, 103 So.2d 115 (Fla. 1958); State v. Hart, 253 So.2d 150 (Fla.1st DCA 1971).
A more difficult problem arises as to whether appellant may be retried for second-degree felony burglary. Burglary is a second-degree felony if the structure entered was a dwelling, § 810.02(3), Fla. Stat. (1977), and each burglary charge involved here contained such an allegation. However, notwithstanding the fact that the jury had been properly instructed to note in their verdict the finding that the structure entered was a dwelling if they found this allegation to have been proven, the verdicts contained no mention of a dwelling. On the other hand, the trial judge erroneously refused to instruct the jury on the lesser-included offense of "simple" burglary (burglary of a structure other than a dwelling) as defined in Section 810.02(3)  and such an instruction should be given on retrial, see Huff v. State, 350 So.2d 123 (Fla.2d DCA 1977)  and no verdict form covering that offense was given to them, so the jury had no knowledge of this lesser included offense and could not have found appellant guilty thereof. We therefore conclude that the jury intended to find appellant guilty of second-degree felony burglary pursuant to the instructions given them and that the failure to include mention of a dwelling on the verdict forms was due to a scrivener's error. Accordingly, we hold that appellant may be retried for second-degree felony burglary upon retrial.
We have considered the remaining points raised by appellant and find them to be without merit.
REVERSED and REMANDED for new trials.
GRIMES, C.J., and RYDER, J., concur.