HOBSON, Acting Chief Judge.
The appellant appeals the lower court’s denial of a defense motion to suppress based upon the insufficiency of the affidavit for a search warrant. Appellant also appeals the lower court’s order finding appellant guilty of burglary of a dwelling with the intent to commit petit theft. The basis for the second challenge is that the lower court erred in allowing evidence of a crime for which the appellant was not on trial to be introduced at the trial in question.
We find that the affidavit was sufficient to support the search warrant in this case; however, we agree with appellant that the lower court erred in admitting collateral evidence testimony at his trial. Accordingly, we reverse on this point alone.
Appellant was on trial for having stolen a radio-tape player and an electric can opener from the victim, Rosalie Young. The items in question were found missing from Young’s apartment while she was in the hospital. The items were subsequently found in appellant’s apartment.
The victim of another robbery, Robert Perry, who lived in the same duplex as Young, was permitted to testify during the trial in question about the burglary of his apartment. Perry identified a clock and a rug which had been stolen from his apartment as part of the state’s evidence against appellant. A police officer later testified that the clock and the rug were recovered from appellant’s apartment. Defense counsel objected throughout Perry’s testimony and moved for a mistrial because of the prejudicial nature of it.
Evidence as to collateral crimes is inadmissible under the Williams Rule if its only purpose is to establish bad character or propensity to commit the crime. Williams v. State, 110 So.2d 654 (Fla.1959). Although collateral crime evidence is admissible to show a common plan, scheme, pattern of criminality or to establish identity, it is not admissible where the collateral crime is merely similar to the crime for which the defendant is on trial.
In Davis v. State, 376 So.2d 1198 (Fla. 2d DCA 1979), there were two criminal episodes involved. Both involved burglary, a sexual assault, an entry through a window, and both were done at the same time of night within three weeks of each other. Additionally, money was taken in both instances. This court held these similarities were not enough to make evidence of one burglary admissible at a trial on the other.
In Bradley v. State, 378 So.2d 870 (Fla. 2d DCA 1979), three burglaries were committed within the same neighborhood and within two weeks of each other. There were *805 similar fabric marks found at each residence where the entrance was made through a window. This court held that evidence of one of the burglaries was inadmissible at a trial on the other burglary. This court stated that a requirement of more than a mere similarity between the crimes had to be met in order to make such evidence admissible under the Williams Rule exception.
In the present case, there were two burglaries involved in the same duplex within eight days of each other. As there were only general similarities between the crimes and displayed nothing particularly unique about their commission, it was error for the trial court to admit the testimony concerning the Perry burglaries during the trial on the Young burglary.
REVERSED and REMANDED for a new trial.
GRIMES and DANAHY, JJ., concur.