CAMPBELL, Judge.
Appellant, Frederick Frieson, appeals his conviction and sentence for sexual battery and robbery. He contends on appeal that the trial court erred in admitting evidence of an unrelated offense, in exceeding the sentencing guidelines and in sentencing him as an habitual offender. We find merit in appellant’s contention that the trial court erred in admitting evidence of another sexual battery and reverse. By reversing on the first issue, the final two arguments are rendered moot.
Appellant was charged by amended information with the sexual battery of Amy Gaines with a deadly weapon or force and simple robbery on June 18, 1985. On November 22, 1985, the state filed a notice of intent to use evidence of another incident involving the oral and anal penetration of Sharon Weeks.
At trial, Gaines testified that on April 20, 1986, at approximately 3:00 a.m., appellant entered the gas station where she worked, grabbed her in a choke hold, had her lock the front door and give him the contents of the cash register. He then took her to the storage room, held a screwdriver to her throat and raped her.
The state then proffered the testimony of Sharon Weeks. Weeks testified that she went to appellant’s house at approximately 1:00 a.m., that same morning. She stated that appellant entered the bathroom where she was located, grabbed her by the throat and attempted to rape her. As he attempted to pull her to bed; she escaped.
The state, argued admissibility based upon the similarities of the crimes showing modus operandi as proof of intent, preparation and plan. The court ruled the evidence admissible on that basis. Appellant objected to this evidence, but the objection was overruled. Weeks was then allowed to testify before the jury, consistent with the proffer.
Section 90.404(2)(a), Florida Statutes (1985), provides:
Similar fact evidence of other crimes, wrongs or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
See Williams v. State, 110 So.2d 654 (Fla. 1959); Crammer v. State, 391 So.2d 803 (Fla. 2d DCA 1980).
It is clear that the only similarity between the two offenses in this case is that they are both sexual batteries. The only purpose in admitting this Williams Rule evidence was to prove bad character and propensity to commit the crime charged.
We, therefore, reverse appellant’s conviction and remand for a new trial.
FRANK, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.