TILLMAN PEARSON, Judge.
The appellant, Louis Edward Pabst, was found guilty by a jury of the offense of larceny of an automobile. He was adjudicated and sentenced to a term of five years in the State Penitentiary. This appeal has followed.
Four points have been presented by the appellant on this appeal. The only substantial question is presented by the first point; we will discuss it last. Appellant’s second point urges that the court erred in allowing evidence of another crime in order to establish a modus operandi. We find that the second crime was so similar in pattern that it met the test laid down in Williams v. State, Fla.1962, 143 So.2d 484, and was thus relevant and admissible.
 Appellant’s third point urges that the trail court erred in allowing into evidence the confession of a co-defendant. We find that this question was not preserved in the lower court inasmuch as this defendant did not request a severance of *330 the trials of the two defendants. This is coupled with the fact that upon defendant’s objection to the testimony, the court instructed the jury that it was not to be considered in the trial of the appellant. Because the appellant received everything he asked for except the exclusion of the confession, which was certainly relevant as to the co-defendant, we do not find error.
No error has been shown by appellant’s fourth point which was directed to a requested instruction refused by the court since it was fully covered in the general charge of the trial court. Kraft v. State, Fla.App.1962, 143 So.2d 863.
 We return to appellant’s first point which urges that the evidence was not sufficient to sustain the conviction. It is necessary to briefly outline the evidence in order to comment on this point. '
The jury could have reasonably believed from the evidence before it that the following occurred. During the latter part of July 1963, the appellant, together with the co-defendant, Swindle, removed an identification plate from a wrecked Ford automobile. The wreck was located in the yard of Saddler Auto Parts in Broward County. The removal was witnessed by an employee of Saddler Auto Parts. During August of 1963 a Ford automobile, exactly corresponding as to year, style and model with the wrecked automobile, was stolen in Miami, Florida. Thereafter, the co-defendant Swindle, acting under an assumed name, sold the stolen automobile in Broward County using the substituted identification plate removed from the wrecked automobile.
The State urges that the removal of the plate for use upon an automobile to be stolen was an integral part of the crime of larceny, and that by participating as a co-actor in the plan, the defendant Pabst has identified himself as a principal liable under § 776.011 Fla.Stat., F.S.A.:
“776.011 Principal in first degree. Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively present at the commission of such offense.”
We think that this conclusion is reasonable. Appellant argues that the removal of the identification plate might have been for a different reason, but we believe .that the jury was justified in finding that the removal of the identification plate was for the sole purpose of larceny of the automobile stolen or one like it inasmuch as it was necessary to obtain an automobile which corresponded to the description on the removed identification plate except for the number. Cf., Sons v. State, Fla.App.1958, 99 So.2d 888.
Accordingly, the adjudication and sentences are affirmed.
Affirmed.