193 So.2d 57 (1966)
Jimmie Lee CONEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-128.
District Court of Appeal of Florida. Third District.
December 20, 1966.
Jack J. Taffer, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
PER CURIAM.
Jimmie Lee Coney was convicted of rape. On appeal, he asserts that reversible error was committed by the trial judge in allowing prejudicial evidence to be introduced. We disagree.
*58 The alleged rape occurred one night on a federal highway. The victim testified that the defendant's automobile "came in front of" hers so that she could not go forward. At this point, the testimony of the victim and Coney conflicted as to whether she voluntarily got into Coney's automobile or was forcibly taken into his automobile.
The State then introduced testimony to the effect that Coney had attempted to accost another woman in a similar manner nine months later. This woman testified that she was driving at night on the same highway when a car started following her. She turned off the highway and the car passed her, cut her off, and would not permit her to proceed. She testified that her car stalled and the defendant got out of the other car, hammered on her windows, tried to open her other car door, and then attempted to lift the hood of her car. By this time, she was finally able to start her car and escape.
Similar fact evidence is admissible to demonstrate a plan, common scheme, design, or criminal course of the defendant to accost women driving alone at night. Williams v. State, Fla. 1959, 110 So.2d 654; Griffin v. State, Fla.App. 1960, 124 So.2d 38.
That the relevant "similar fact evidence" relates to an incident which occurred about nine months subsequent to the alleged crime does not make it inadmissible. In Johnson v. State, Fla. 1961, 130 So.2d 599, the Florida Supreme Court upheld the admission of evidence of the defendant's escape from prison in 1958 as being relevant to a murder committed in 1959 (one year later). The Supreme Court, in Griswold v. State, 77 Fla. 505, 82 So. 44 (1919), also admitted as relevant physical evidence found in a room in a hotel occupied by the defendant about a year after the alleged offense for which the defendant was being tried. See also Watts v. State, 229 Ind. 80, 95 N.E.2d 570 (1950); People v. Bennett, 135 Cal. App.2d 649, 287 P.2d 866 (1955).
Coney's second claim of error is directed to the denial of his motion to strike any references to him in testimony about incriminating oral statements made by his co-defendant to a constable.
Incriminating statements made by one co-defendant have been held to be admissible into evidence, notwithstanding their reflection upon another defendant, where the trial court instructs the jury that such statements may be considered only against the defendant who made them. Stoutamire v. State, 133 Fla. 757, 183 So. 316 (1938). In failing to move for a severance, Coney became impaled upon the horns of a self made dilemma. See Pabst v. State, Fla.App. 1964, 169 So.2d 329; Clark v. State, Fla.App. 1962, 145 So.2d 748. The court here gave proper instructions to the jury that nothing in the co-defendant's statements could be considered against Coney, and granted motions to strike references to Coney on several occasions.
Furthermore, the incriminating statements of the co-defendant which are objected to by Coney, were admitted into evidence, without objection, in the co-defendant's confession. This confession contained the same references to Coney as were contained in the oral statements made to the constable. Inasmuch as no objections were made to the references made to Coney in the co-defendant's confession, it can hardly be said that testimony about similar references in the conversation with the constable constituted reversible error, when those references were stricken from the record with proper jury instructions.
The remaining charges for reversal have been examined and appear to be without merit. See Section 918.10, Florida Statutes, F.S.A.
The judgment of conviction is hereby
Affirmed.