PER CURIAM.
The appellant was convicted of rape and sentenced to 20 years in prison. His conviction was affirmed by this court. See Coney v. State, Fla.App. 1966, 193 So.2d 57. This appeal is from a denial in the trial court of appellant’s motion for relief pursuant to Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A.
Appellant urges that he should be granted a new trial because of the holding of the United States Supreme Court subsequent to his trial in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Upon this contention the trial court held:
“As to the first ground relied upon by defendant, it appears to the Court that this question has been decided adversely to the defendant by the District Court of Appeal in Coney vs. State, 193 So.2d 57. Defendant argues that the ruling of the District Court of Appeal has been nullified by the recent decision of the United States Supreme Court in Bruton vs. United States, 391 U.S. 123, [88 S.Ct. 1620] 20 L.Ed.2d 476 (1968), which was the latest word on the subject at the time defendant filed his motion herein. However, the Bruton case has been qualified by the very recent United States Supreme Court decision, that of Harrington *539 vs. California, 5 CrL 3059 United States Supreme Court rendered on June 2, 1969. [395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284] It appears to the Court that excluding the minor oral statement objected to by defendant, the evidence of guilt is overwhelming, and that even if such oral statement were erroneously admitted into evidence, such was harmless error.”
Our review of the record convinces us that the trial judge was correct in his application of the law to the facts as revealed by the record.
Affirmed.