RAWLS, Judge.
Appellant, John W. Mims, appeals a life sentence imposed upon him pursuant to a *716 judgment for conviction of rape, and assigns as error the admissibility of testimony of one witness on the grounds that it does not come within the purview of similar fact evidence as outlined in Williams v. State, 110 So.2d 654 (Fla.1959).
Essential facts are that the prosecuting witness left her work at approximately 2:00 o’clock in the morning and was following a co-worker to the latter’s home. When the two cars stopped at a traffic light, defendant, a 286-lb. Negro man, stopped his bronze car with black top behind the victim, advised her and the co-worker that he was a deputy sheriff and that her tail light was not functioning. The defendant then followed the two women in their respective cars to the home of the co-worker, at which point he forced the victim at gunpoint to get into his car, drove to a secluded wooded area, forced her at gunpoint to undress, and raped her. The controverted testimony was that of a witness who testified that on the same date at approximately 1:30 a. m. as she was walking to her car she saw a two-toned bronze Buick pull into the parking lot. She identified the defendant and testified that he got out of his car with a gun, attempted to open her locked door on the driver’s side and motioned with the gun for her to get out. She was frightened and sped away. Other evidence which was not objected to was that of a witness who testified that three weeks prior to the instant offense, the defendant while driving the same car at about the same time of night in the same area, forced her at gunpoint to get into his car and that he transported her to a wooded spot and sexually assaulted her.
We hold that the facts in this case clearly fall within the purview of Williams v. State, supra. The judgment appealed is
Affirmed.
JOHNSON, C. J., and SPECTOR, J., concur.