313 So.2d 130 (1975)
James William SWEET, Appellant,
v.
STATE of Florida, Appellee.
No. 72-1022.
District Court of Appeal of Florida, Second District.
May 28, 1975.
*131 John F. Yetter, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BERANEK, JOHN R., Associate Judge.
This is an appeal from a conviction of rape. At the outset, the court wishes to express its appreciation to Professor Yetter for having accepted the court's request to represent appellant without compensation in this case. Despite his very competent services, we now affirm.
At a hearing held just prior to trial, the lower court found a line-up identification to be impermissibly suggestive. Appellant now argues that the state failed to show by clear and convincing evidence that the in-court identification was grounded upon an independent basis. See United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149.
At the pretrial hearing on the motion to suppress evidence concerning the line-up, the judge correctly perceived that if he held the line-up to be illegal, he would still have to pass upon the question of whether the witnesses were entitled to make an independent in-court identification. The four eyewitnesses, some of whom had previously been deposed, were available and the state offered to have them testify concerning their ability to make an independent identification. However, the court chose to proceed by permitting the assistant state attorney to make a proffer of what these witnesses would say with respect to their prior opportunity to observe the appellant independent of the line-up. Appellant's counsel acquiesced in this procedure and agreed to the accuracy of the state's proffer.
While the judge did not have the benefit of Cribbs v. State, Fla.App.2d, 1974, 297 So.2d 335, at the time of the hearing, his remarks indicate that he believed that the proffered testimony represented, at the very least, clear and convincing evidence that the in-court identification would not be tainted by the illegal line-up. The ultimate in-court identification made by the witnesses at the trial supported this conclusion. While it would have been more prudent for the witnesses to testify in person on this subject at the hearing on the motion to suppress, in view of defense counsel's acquiescence in the procedure followed, and since it appears that the witnesses did have ample opportunity to observe the appellant at the scene, we hold that the evidence concerning the in-court identification was properly admitted.
*132 Appellant further asserts that the testimony of two witnesses concerning his involvement with a rape which took place several days before the one with which he is charged, violated the precept of Williams v. State, Fla. 1959, 110 So.2d 654. We find that the evidence concerning the prior rape showed a sufficient similarity in modus operandi as to be relevant for the purpose of tending to prove the identity of appellant as the perpetrator of the rape in the case, sub judice.
Appellant also asserts that the trial court erred in failing to instruct the jury on the penalty for the offense charged. This point is controlled by Johnson v. State, Fla. 1974, 308 So.2d 38. Therein, such matters were held to be the subject of a directory, rather than mandatory, provision of Rule 3.390(a), RCrP.
The other points on appeal are without merit and need not be discussed.
Affirmed.
BOARDMAN, A.C.J., and GRIMES, J., concur.