365 So.2d 1101 (1979)
Ricky HELTON, Appellant,
v.
STATE of Florida, Appellee.
No. JJ-85.
District Court of Appeal of Florida, First District.
January 11, 1979.
Michael J. Minerva, Public Defender, and Janice G. Scott and John D.C. Newton, II, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
PER CURIAM.
Ricky Helton appeals from a conviction for sexual battery with force likely to cause serious personal injury on the grounds that testimony concerning another offense violated the rule set forth in Williams v. State, 110 So.2d 654 (Fla. 1959). We agree and reverse.
The alleged victim of the crime charged testified that she was abducted and taken to a wooded area. There Helton hit her, choked her, threw her to the ground and forced her to perform various sexual acts. Subsequently, she was able to get away and she ran out to the highway nude and was picked up by a passing motorist.
At trial another woman was allowed to testify, over objection of the defense, to an alleged attempted sexual battery involving the appellant at another time. Helton had been tried on that charge and had been convicted of simple battery. She stated that she knew appellant and he had asked her for a ride home from work. He directed her to a wooded area and then grabbed the keys out of the car and told her that he was going to rape her. They struggled, he pushed her out of the car, and she began screaming. He then pushed her to the ground, sat on her, and, when she refused to take off her pants, ripped them off. After he pulled her to her feet, he pushed *1102 her away and said, "Run before I kill you." At that time she saw a car coming, and she ran to the car screaming and waving her arms. The car contained two guards from a nearby military station who had heard her screams and they rescued her.
The only similarities between the two incidents are that they occurred in wooded areas, the victims allegedly did not consent to the encounters, and the victim in each case hailed a passing car for help. There are numerous dissimilarities.
The state offered the testimony of the previous crime as relevant to identity, but the court accepted it as relevant to consent. The issue of consent is unique to an individual, and the lack of consent of one person is not proof of the lack of consent of another. Evidence of the previous crime committed by Helton does not fit within the parameter of admissibility under the rule in Williams either as evidence of consent or identity because it was not relevant to either.
REVERSED and REMANDED for a new trial.
McCORD, C.J., and ERVIN and MELVIN, JJ., concur.