403 So.2d 1375 (1981)
Daniel J. HODGES, Appellant,
v.
STATE of Florida, Appellee.
No. 80-901.
District Court of Appeal of Florida, Fifth District.
September 30, 1981.
*1376 Kirk N. Kirkconnell of Muller & Kirkconnell, P.A., Winter Park, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This case involves the similar fact rule of evidence in a sexual battery case.
The prosecutrix testified that appellant, a stranger, dialed her telephone by mistake and after a conversation she gave him directions to her apartment. He came with a bottle of wine and she stated that after some wine and television he forced her into acts constituting a sexual battery. Appellant testified and admitted his participation, but claimed that the prosecutrix consented.
As similar fact evidence the trial court, over objection, admitted the testimony of another woman who testified that about three years earlier she and appellant were in appellant's house kissing when appellant started making advances (described as heavy kissing and heavy petting) and when the witness demurred appellant became insistent and forceful and finally carried her bodily to his bedroom where, after some wrestling but no threats, she, from fear, consented, took her clothes off, had sexual intercourse, dressed, left his house, drove away and made no report to the police.
The State claims this evidence was properly admitted to show appellant's "propensity to force women to submit" and to show a "modus operandi" or a "common scheme or plan." Appellant claims the evidence was prejudicial and used only to prove bad character or propensity.
The "similar fact rule" or "Williams rule,"[1] is now codified in section 90.404(2)(a), Florida Statutes (1979):
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
As worded this rule appears to be a special rule authorizing the admissibility of evidence. It is not. All facts "relevant to prove a material fact in issue," that is, all facts having "rational probative value" are admissible unless excluded by some specific rule of evidence. See §§ 90.107 and 90.402, Fla. Stat. (1979). Policy considerations, including those relating to undue influence and confusion of issues, cause some classes of evidence, otherwise admissible, to be excluded. One such exclusion is embodied in the rule that in criminal cases, to avoid uncontrollable and undue prejudice and possible unjust condemnation, evidence of the bad character of a defendant cannot be offered against him as evidence of his commission of an act. Character as used in this rule refers to a person's nature, disposition, inclination or propensity. Such character evidence is always essentially relevant to show the probability of the accused's doing *1377 or not doing the act charged, as demonstrated by the fact that the accused is permitted to offer his own good character as evidence of innocence.
Even when the accused puts his character in issue and the State is permitted rebuttal, another rule of exclusion prohibits the State from using particular acts of misconduct to evidence bad character,[2] not only because such evidence confuses the issues, but also because the jury naturally and inevitably tends to give excessive weight to a vicious record of crime thus exhibited as bearing on the present charge or uses it to justify a condemnation of the accused, irrespective of his guilt of the offense charged. Further, the use of such other acts covering the entire period of the accused's life would make it extremely difficult, if not impossible, for him to prepare to refute evidence of all the other wrongful acts and offenses that the State may present, any or all of which may be mere fabrications made by persons awaiting such an opportunity.
Evidence of particular bad acts to show the accused's character as evidence of his commission of an act is inadmissible because of: (1) the undue prejudice from the over-strong tendency of a jury to believe an accused guilty because he is a likely person to have done such an act, (2) the undue prejudice from the tendency to condemn because the accused may have escaped unpunished from other offenses and (3) the unfair surprise and injustice in charging one with one offense and then collaterally attacking him with other wrongs for which he may be unprepared to defend.[3] Over the last three centuries this policy of exclusion of bad character evidence has received judicial sanction more emphatic with time and experience.[4]
Peculiarly, however, a well established rule of evidence, sometimes called the principle of multiple admissibility, declares that the inadmissibility of an evidential fact for one purpose does not prevent its admissibility for another purpose otherwise proper. This means that the fact that an accused's acts of misconduct would be inadmissible as circumstantial evidence to show his bad character as the basis for a relief that a bad fellow with his disposition or propensity would likely commit the act of which he is accused does not prevent the admissibility of evidence of the same acts for another purpose. The conduct of an accused therefore can be, and frequently is, independently used to show his knowledge, motive, design (plan), or intent, or to prove identity. Of course, when such evidence is offered for one proper purpose there is danger of the jury improperly considering it for an improper purpose, so a cautionary or limiting jury instruction is proper. See § 90.404(2)(b)2, Fla. Stat. (1979).
The prime question as to the true significance of the testimony of the "similar fact" witness here, as always, is: what particular proposition was this testimony offered to prove?
Appellant was accused of committing certain sexual acts described as "sexual battery" in section 794.011(1)(f), Florida Statutes (1979), but which are a crime as proscribed in section 794.011(4) only if committed on or with another "without that person's consent." Since the acts described in the statutory definition of "sexual battery" *1378 are not illegal per se and are, therefore, conduct essentially innocent, the crux, gist or gravamen of the offense of sexual battery, and, oddly, in criminal law, the one fact which characterizes the accused's acts as being, or not being, criminal, is not an act or intent of the accused, but the mental assent of the "victim."
In this case there is no question or issue but that the accused participated in one or more of the acts described as "sexual battery" in section 794.011(1)(f), Florida Statutes, of which the prosecutrix complains; therefore his "identity" as the "perpetrator" is not an issue concerning which similar fact evidence might for this purpose be proper in another case.[5] Likewise, it does not appear that the accused's knowledge, designs, plans, motives or other mental intents or emotions are relevant in this case.[6] Assuming the worst, that the accused was so vilely motivated that he fully intended to have sexual relations with the prosecutrix whether or not she consented, if she consented, he is not guilty of any crime which he planned or intended to commit, despite all of his evil intent and plans. The ultimate issue is the prosecutrix's consent.
Certain it is that the similar fact evidence in question (the circumstances leading to the accused's sexual acts with another woman three years earlier) had no relevancy to whether or not the prosecutrix consented. Helton v. State, 365 So.2d 1101 (Fla. 1st DCA), cert. denied, 373 So.2d 461 (1979), is similar to this case and there the court said:
The issue of consent is unique to an individual, and the lack of consent of one person is not proof of the lack of consent of another. Evidence of the previous crime committed by Helton does not fit within the parameter of admissibility under the rule in Williams either as evidence of consent or identity because it was not relevant to either.
365 So.2d at 1102.
Section 794.011(1)(h), Florida Statutes (1979), defines "consent" as intelligent, knowing, and voluntary consent and as not including coerced submission.[7]
This definition of "consent" and prosecutrix's claim that she submitted as the result of the forceful acts of the accused leads to what was the penultimate issue in the trial and to the final and controlling legal point on appeal. The issue at trial was: did the accused direct such forceful acts toward the prosecutrix as to coerce her submission and as to deprive her of her right to make a voluntary decision? This is, of course, a question of fact for the jury to make a voluntary decision? This is, of course, a question of fact for the jury where, as here, *1379 the evidence is conflicting. However the legal point on appeal is: is similar fact evidence in the form of particular prior acts of misconduct (such as the accused's prior acts of force directed toward the similar fact witness) admissible to prove an accused's propensity, proclivity or predisposition (bad character) when offered against him as evidence bearing on the question of whether he used force in his relationship with the prosecutrix? The answer is "no" because of the well established rule that evidence of the bad character of an accused cannot be offered against him as evidence of an act charged, reinforced by the rule that even when the State can properly show bad character, particular acts of misconduct cannot be used as evidence. The similar fact evidence in this case was relevant only to prove bad character or propensity, but was inadmissible for that purpose for all of the policy reasons discussed above, and because case law[8] and the statute (§ 90.404(2)(a), Fla. Stat. (1979)) expressly so state.
Because this case must be reversed, we need not discuss all the other points appellant raises on appeal but we do note that at this time there is no question but that the State must furnish the names of known rebuttal witnesses. Hicks v. State, 400 So.2d 955 (Fla. 1981); Witmer v. State, 394 So.2d 1096 (Fla. 1st DCA 1981). If the State fails to make such discovery before the State can use such rebuttal witness the trial court must comply with the requirements of Richardson v. State, 246 So.2d 771 (Fla. 1971). In like spirit, if upon retrial the trial court considers retaining jurisdiction over parole as permitted by section 947.16(3), Florida Statutes (1979), the majority opinion in Moore v. State, 392 So.2d 277 (Fla. 5th DCA 1981) should be considered.
Appellant's conviction and sentence is reversed and the cause remanded for new trial.
REVERSED AND REMANDED.
COBB, J., concurs.
SHARP, J., concurs in result only.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[2] See § 90.405, Fla. Stat. (1979); 1 Wigmore on Evidence, § 193, at 642 (3d Ed. 1940).
[3] Section 90.404(2)(b)1, Florida Statutes (1979), attempts to eliminate some of the surprise if the similar facts evidence relates to another criminal offense by requiring the State to furnish the defendant with a description of the other criminal offenses intended to be introduced at least ten days before trial; ten days, however, can be quite short to prepare to defend a particular collateral attack.
[4] Holt, L.C.J., is quoted as saying in Harrison's Trial, 12 How. St. Tr. 833, 864, 874 (1692) (charge of murder; a witness was called to speak of some felonious conduct of the defendant three years before): "Hold, hold, what are you doing now? Are you going to arraign his whole life? How can he defend himself from charges of which he has no notice? And how many issues are to be raised to perplex me and the jury? Away, away! That ought not to be; that is nothing to the matter." 1 Wigmore on Evidence § 194, at 647 (3d Ed. 1940).
[5] Most cases permitting the use of similar fact evidence in criminal sexual assault cases relate to the issue of identity. The concepts of "modus operandi" or "common scheme or plan" relate to identification by recognition of unusual, thus identifying, aspects of the method that a particular individual uses to accomplish a particular act. See Dean v. State, 277 So.2d 13 (Fla. 1973); Williams v. State, 110 So.2d 654 (Fla. 1959); Talley v. State, 160 Fla. 593, 36 So.2d 201 (1948); Sweet v. State, 313 So.2d 130 (Fla.2d DCA 1975); Fivecoat v. State, 244 So.2d 188 (Fla.2d DCA 1971); Hines v. State, 243 So.2d 434 (Fla. 2d DCA 1971); Mims v. State, 241 So.2d 715 (Fla. 1st DCA 1970); Blackburn v. State, 208 So.2d 625 (Fla.3d DCA 1968); Coney v. State, 193 So.2d 57 (Fla.3d DCA 1966). See generally Annot., 2 A.L.R. 4th 330, § 5 (1980) ("Admissibility, in Rape Case, of Evidence That Accused Raped or Attempted to Rape Person Other Than Prosecutrix").
[6] See 2 Wigmore on Evidence § 357, at 334 (Chadbourn rev. 1979). In this case there is no question but that the accused intended to have sexual relations with the prosecutrix. Of course, the accused's sexual passion or desire for the similar fact witness three years earlier is not itself evidence of a similar emotion toward prosecutrix and as evidence of a general lustful disposition it is inadmissible. However where the accused's acts are not admitted and are ambiguous his intent or design may be very much an issue, such as in cases involving an attempted rape or assault with intent to rape and fondling cases. See e.g., Ross v. State, 112 So.2d 69 (Fla.3d DCA 1959).
[7] Section 794.011(4)(b) also refers to "[w]hen the offender coerces the victim to submit by threatening to use force or violence likely to cause serious personal injury on the victim, and the victim reasonably believes that the offender has the present ability to execute these threats."
[8] Knox v. State, 361 So.2d 799 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1373 (1979); Henry v. State, 356 So.2d 61 (Fla. 4th DCA 1978).