COWART, Judge.
This case involves the admissibility of similar fact evidence.
William Henry Baker was accused of being the man who got out of a certain pickup truck and shot at Doctor Austin. A witness at trial, Kenneth Bowen, testified that he was driving down Boggy Creek Road when he heard shots, saw a man get into the pickup truck and proceed ahead of him up Boggy Creek Road. Bowen said the truck stopped at a stop sign and that he saw Baker get out of the truck and that Bowen passed Baker and the truck. When Bowen was asked if Baker’s truck fell in behind him after he passed it, Bowen replied, “after he shot at me, yes.” At the time of this answer defense counsel made no objection or motion but at the close of the State’s case moved for a mistrial on the ground that Bowen had improperly testified to an unrelated crime committed by Baker. The trial court denied the motion for mistrial and, in his case, Baker testified he did not shoot at Doctor Austin or Bowen and did not have a gun at the time in question. After Baker was found guilty by the jury the trial court granted his motion for a new trial based on Bowen’s answer being inadmissible and prejudicial and the State ap *1103 peals. We reverse the order granting a new trial.
Evidence of a defendant’s commission of crimes, wrongs, or bad acts, other than that for which he is being tried, is admissible if the evidence is relevant to prove any material fact in issue in the trial and is not offered merely to show the bad character or propensity of the defendant to commit the crime charged. Williams v. State, 110 So.2d 654 (Fla.1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); Hodges v. State, 403 So.2d 1375 (Fla. 5th DCA 1981), rev. den., 413 So.2d 877 (Fla.1982); § 90.404(2)(a), Fla.Stat. (1981). It is true that here the similar fact evidence got before the jury not because the State intended to offer it but because the witness volunteered it. It is also true that Bowen’s answer was unresponsive in that he could have answered that Baker followed him without saying that Baker first shot at him. Nevertheless the volunteered testimony was not legally prejudicial because it was properly admissible. This is because the testimony of Bowen as to being shot at by Baker, if believed, was probative to several relevant factual issues involved in the underlying trial, including whether Baker had a gun at the time and place in question, Baker’s state of mind at the time and place in question and, possibly, as to Baker’s consciousness of guilt if the jury inferred that Baker shot at Bowen because Bowen was a witness to Baker’s assault on Doctor Austin.
The trial court’s order granting a new trial indicates that Bowen’s reference to Baker’s shooting at Bowen may have violated a prior court instruction to Bowen not to volunteer testimony. If the witness Bowen willfully violated a lawful court order the proper remedy was a contempt charge against the witness and not the granting of a new trial because of the admission of evidence which we here hold to be properly admissible.
REVERSED AND REMANDED for further proceedings.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.