COBB, Judge,
dissenting.
I dissent based upon the following cases: Coler v. State, 418 So.2d 238 (Fla.1982), cert. denied, — U.S. —, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983); Williams v. State, 110 So.2d 654 (Fla.1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); Hodges v. State, 403 So.2d 1375 (Fla. 5th DCA 1981), review denied, 413 So.2d 877 (Fla.1982). In the latter case we said:
Most cases permitting the use of similar fact evidence in criminal sexual assault cases relate to the issue of identity. The concepts of “modus operandi” or “common scheme or plan” relate to identification by recognition of unusual, thus identifying, aspects of the method that a particular individual uses to accomplish a particular act. See Dean v. State, 277 So.2d 13 (Fla.1973); Williams v. State, 110 So.2d 654 (Fla.1959); Talley v. State, 160 Fla. 593, 36 So.2d 201 (1948); Sweet v. State, 313 So.2d 130 (Fla. 2d DCA 1975); Fivecoat v. State, 244 So.2d 188 (Fla. 2d DCA 1971); Hines v. State, 243 So.2d 434 (Fla. 2d DCA 1971); Mims v. State, 241 So.2d 715 (Fla. 1st DCA 1970); Blackburn v. State, 208 So.2d 625 (Fla. 3d DCA 1968); Coney v. State, 193 So.2d 57 (Fla. 3d DCA 1966). See generally Annot., 2 A.L.R. 4th 330, § 5 (1980) (“Admissibility, in Rape Case, of Evidence That Accused Raped or Attempted to Rape Person Other Than Prosecu-trix”).
403 So.2d at 1378 n. 5.
In the instant case there was no unusual aspect of the method used by the defendant in two separate lewd acts involving different victims. The introduction of evidence of the incident with which the defendant was not charged was solely for the purpose of showing propensity, a purpose clearly disallowed by the Williams rule.