538 So.2d 533 (1989)
Otis Lee JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2189.
District Court of Appeal of Florida, Fifth District.
February 16, 1989.
*534 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Chief Judge.
Jackson appeals from his conviction of three counts of sexual battery. He argues that Williams rule evidence[1] concerning a prior claimed rape victim was improperly admitted because it only was relevant to show lack of consent by the victim, V.B., in this case. We affirm.
V.B. testified that she was sitting outside of a closed bar in Dade City when Jackson drove by and they started talking. She was acquainted with Jackson, and agreed to go with him to purchase cigarettes at a store and deliver a package. After running these errands, Jackson drove away from Dade City and into Hernando County. V.B. became frightened. When she opened the door in an attempt to jump out of the car he sped up to prevent her escape. He drove into the country on dirt roads and stopped. He threatened to kill her, beat her up, and he raped her several times. He turned the front lights of the car on and made her stand nude in front of them. V.B. managed to escape, running away naked through a field and orange grove. She found a house and received help from strangers. They gave her a smock and called an ambulance.
Deputy Lee, who interviewed Jackson after the incident, stated that Jackson told him he had picked up V.B. at the bar in Dade City after she offered him sex for $20.00. They ran some errands and then drove to a rural area about one mile outside of Dade City where they had consensual sex several times. Afterwards, he dropped her back at the bar. Jackson denied ever being in Hernando County that night or having any knowledge of how V.B. got there.
Jackson elected to take the stand in response to Officer Lee's testimony. In limited testimony, Jackson testified that his car had mechanical problems and could not be driven for twelve miles, the distance to the point in Hernando County where V.B. claimed she was sexually assaulted. He admitted having sex with V.B., but he claimed she consented.
The trial court permitted similar fact evidence from victim S.M. and Officer Blackman concerning a sexual battery which occurred thirteen and one-half months prior to the incident with V.B. The court instructed the jury that this testimony could only be considered by them for the limited purpose of proving intent and plan on the part of Jackson. S.M. testified that she had known Jackson previously, that Jackson had offered to drive her to her boyfriend's house, but instead drove north *535 into a rural area on dirt roads to a grove in Hernando County not far from where the crime against V.B. occurred. S.M. was frightened, and tried to jump out of the car. But Jackson sped up the car to prevent her escape. He then threatened to kill S.M., beat her up and raped her. He turned on the car lights and raped her in front of them. Officer Blackman, the investigator of the earlier incident, testified that Jackson gave the same excuse as in the incident with V.B., i.e., that he had paid S.M. money for having sex with him ($25.00 in S.M.'s case). Both S.M. and V.B. denied this.
In this appeal, Jackson concedes that S.M.'s testimony was relevant to show modus operandi, or plan, or scheme. However, he argues that the admission of Officer Blackman's testimony "did nothing toward showing method of operation," but showed only consent which is impermissible under this court's reasoning in Hodges v. State, 403 So.2d 1375 (Fla. 5th DCA 1981), rev. den., 413 So.2d 877 (Fla. 1982).
The Williams rule, as codified by section 90.404(2)(a)[2] provides that similar fact evidence which reveals the commission of a collateral crime is admissible if it tends to show a relevant fact at issue, such as a common scheme and plan, and not just bad character or propensity. After its relevance is shown, the evidence is excluded only if its probative value is substantially outweighed by the danger of unfair prejudice. Bryan v. State, 533 So.2d 744 (Fla. 1988). We have held that Williams rule evidence is not admissible when it is solely relevant to prove consent vel non on the part of a rape victim. Hodges. But this does not mean Williams rule evidence is not admissible in sexual battery cases. See Hodge v. State, 419 So.2d 346 (Fla. 2d DCA 1982), rev. denied, 426 So.2d 26 (Fla. 1983).
Like the instant case, Williams involved a rape prosecution. The victim testified that the defendant had been hiding in her family car parked in a certain parking space. A sheriff testified that upon his arrest the defendant told him that he entered the car to take a nap under the mistaken belief that the automobile belonged to his brother. The defendant elected to take the stand, claiming he and the victim had engaged in consensual sex. The trial court permitted evidence that about six weeks before the alleged rape, a young girl had found the defendant on the back seat floor of her car. The defendant was arrested and had similarly stated at police headquarters, that he had crawled into the car to take a nap under the mistaken belief that it was his brother's car. The Florida Supreme Court affirmed the trial court's ruling admitting the similar fact evidence holding:
It definitely had probative value to establish a plan, scheme, or design. It was relevant to meet the anticipated defense of consent. At the time when it was offered in the presentation of the state's main case, it had a substantial degree of relevance in order to identify the accused. Finally, it was relevant because it demonstrated a plan or pattern followed by the accused in committing the type of crime laid in the indictment. (emphasis added).
Williams, 110 So.2d at 663.
As previously stated, S.M.'s testimony was admissible and relevant to show modus operandi, plan or scheme. Further, the similarities of where and how the rapes occurred rebutted the material fact issue raised by Jackson that he had not had sex with V.B. in Hernando County. Such similar events surrounding the sexual batteries of the victims, and Jackson's identical explanations that he had paid $20.00-$25.00 for their favors, were relevant to rebut his disputed claim of sex for pay.
Finally, the record in this case demonstrates that any error in admitting Officer *536 Blackman's testimony was harmless, and not a feature of Jackson's trial as to deprive him of a fair trial. Williams v. State, 117 So.2d 473 (Fla. 1960); Snowden v. State, 537 So.2d 1383 (Fla. 3d DCA 1989). In addition to V.B.'s testimony, there was testimony from the person who came to V.B.'s aid, the paramedic, the examining doctor and the crime technician that V.B. was sexually assaulted in Hernando County and did not have consensual sex one mile outside Dade city. There is no reasonable possibility that any error resulting from Blackman's testimony contributed to the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). See also, Ciccarelli v. State, 531 So.2d 129 (Fla. 1988).
AFFIRMED.
DAUKSCH, J., concurs.
COWART, J., dissents with opinion.
COWART, J., dissenting.
The defendant was convicted of three counts of sexual battery on V.B. There was never any issue as to the fact that (1) the defendant and V.B. knew each other before the night in question; (2) V.B. voluntarily got into the defendant's automobile; (3) the defendant and V.B. went to a store and a trailer park; (4) the defendant drove them to a remote area; and (5) there sexual intercourse between them occurred several times. The sole issue is whether or not V.B. consented to the sexual acts. She says she did not; the defendant says she did. At trial, the State produced a female witness named S.M. who testified that a similar incident involving herself and the defendant occurred about 13 1/2 months before the event involving the defendant and V.B.
Section 90.404(2)(a), Florida Statutes, provides that similar fact evidence of other crimes, wrongs, or acts, is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
The disputed issue in this case  consent of an alleged rape victim  is common in a certain percent of sexual battery cases; it always has been and it always will be. There is no genuine issue as to any of the matters for which similar fact evidence is properly admissible. The sole issue in this case is the consent, or lack of consent, of the victim V.B. As to that issue it is entirely irrelevant and immaterial whether or not S.M., an entirely different person, consented or did not consent when she had sexual intercourse with the defendant at an entirely different time and place. As explained in Hodges v. State, 403 So.2d 1375 (Fla. 5th DCA 1981), rev. denied, 413 So.2d 877 (Fla. 1982) as to the peculiar issue of consent of the victim in a sexual battery case, similar fact evidence is never admissible. This case is, in all material respects, identical to Hodges and the legal question is considered there in more detail. As clearly explained by Wigmore,[1] the original and ancient rule of exclusion of similar fact evidence (to which the Williams Rule was an exception[2]) was not that such evidence *537 was not relevant but the rule was based on human experience to the effect that such evidence was too relevant. In other words, when the issue in a case is whether or not the defendant did or did not do a particular bad act, when the prosecutor is allowed to show to the jury that in other instances the defendant did a similar bad act, then the jury not only readily believes the defendant was morally capable of doing the bad act charged but also that the defendant has a character defect or propensity to do such bad acts and, accordingly, that he probably did the bad act charged. This jury inclination is so strong that on balance between admissibility because of relevancy and inadmissibility because of the strong likelihood of prejudice, such evidence is always unfairly prejudicial and therefore should be generally excluded as a matter of law.
The Williams Rule developed as an exception to the similar fact rule of exclusion, which exception has generally been properly justified in cases when the issue was not whether the criminal act charged was done or not, but whether the defendant was the perpetrator of the act charged and the collateral evidence of the similar wrong act was so peculiar as to serve to identify the defendant as the perpetrator of the particular wrongful act charged. The majority opinion in Bryan v. State, 533 So.2d 744, 746 (Fla. 1988), does seem to hold that if relevant similar fact evidence is admissible, except only when its probative value as indicating guilt is outweighed by the danger of unfair prejudice. Because the basic reason for the original general rule of exclusion of similar fact evidence was that such similar fact evidence was always relevant  only too relevant and too persuasive  if the correct and prevailing view in Florida is to be that the similar fact evidence is now admissible, not as an exception under the the Williams Rule (§ 90.404(2)(a), Fla. Stat.) but generally, then Bryan has effectually abolished the need for the Williams Rule and, in the process, has abolished the similar fact exclusionary rule and perhaps even the "unduly prejudical evidence" exclusionary rule codified in section 90.403, Florida Statutes. It is not yet so clear that Bryan intended this result; therefore, this dissent.
Human nature has not changed and the basic underlying reason for the rule excluding similar fact evidence of other crimes, wrongs, or acts remains the same now as in all times and all cases. The similar fact evidence that S.M. did not consent when she had sex with the defendant some 13 1/2 months earlier than the date the defendant had sex with V.B. is legally and logically immaterial to the issue of whether V.B. consented to sex with the defendant. Admission of such legally immaterial evidence was unfairly prejudicial to the defendant and his convictions should be reversed and this cause remanded for a new trial.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.); cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[2] Section 90.404(2)(a) states:

Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
[1] 1 Wigmore, Evidence, Section 194 at 646 (3d ed. 1940):

It may almost be said that it is because of this indubitable Relevancy of such [character] evidence that it is excluded. It is objectionable, not because it has no appreciably probative value, but because it has too much.
See also 1 Jones on Evidence, Section 4:18 at 418 (6th ed. 1972); McCormick on Evidence, Section 190 at 447 (2d ed. 1972); 1 Underhill, Criminal Evidence, Section 205 at 447 (5th ed. 1956); 2 Louisell and Mueller, Federal Evidence, Section 140 at 113 (1978), the dissent in Beasley v. State, 503 So.2d 1347 (Fla. 5th DCA 1987); Hodges v. State, 403 So.2d 1375 (Fla. 5th DCA 1981), rev. denied, 413 So.2d 877 (Fla. 1982).
[2] Starting from another more distant point, it can be stated that the first rule of evidence law is a rule of admissibility to the effect that all relevant evidence is admissible (§ 90.402, Fla. Stat.); second, relevant evidence that is unduly prejudicial is inadmissible (§ 90.403, Fla. Stat.), thus, the inadmissibility of such relevant but unduly prejudicial evidence constitutes the first evidentiary rule of exclusion and an exception to the rule of admissibility of relevant evidence; third, similar fact evidence is but one specifically identified species of relevant but unduly prejudicial evidence that falls within this rule of exclusion of unduly prejudicial evidence; thus, the similar fact evidence rule is a rule of exclusion and constitutes an exception to the rule of admissibility of relevant evidence; fourth, while the Williams rule (codified as § 90.404(2)(a), Fla. Stat.) is a specifically identified rule of admissibility, it is an exception to the similar fact evidence exclusionary rule and is not merely a portion of the original rule that relevant evidence is admissible. This distinction is very important because it means that the test of admissibility under the Williams Rule must be made on some public policy grounds that relate to some, but not all, similar fact evidence, and cannot be made based solely on relevancy or else the whole unduly prejudicial exclusionary rule, including the similar fact evidence exclusionary rule, is destroyed because all of that class of evidence is relevant and must be excluded, if at all, for reasons other than irrelevancy.