592 So.2d 350 (1992)
Charles Henry WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1393.
District Court of Appeal of Florida, Third District.
January 14, 1992.
Rehearing Denied February 18, 1992.
Bennett H. Brummer, Public Defender, and May L. Cain, Special Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Paul Mendelson, Special Appointed Asst. Atty. Gen., for appellee.
Before BARKDULL, LEVY and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Charles Henry Williams, appeals his convictions for sexual battery, kidnapping, robbery and possession of cocaine. We affirm.
After engaging the victim in conversation about where to purchase cocaine, appellant struck the victim in the head, choked her from behind, and put a sharp object to her neck. Appellant then dragged the victim to a secluded area where he threw her to the ground, took the victim's cocaine, and then raped her.
After his arrest, appellant admitted having sex with the victim, but claimed that it had been consensual. At trial, appellee, the State, introduced testimony of two other women who testified that they had also been raped by appellant in the same manner as the victim: engaging them in conversation about cocaine, grabbing them in a tight chokehold from behind, removing them to a secluded spot, taking their cocaine, and then raping them.
Appellant contends that the trial court erred in allowing the State to introduce collateral crimes evidence regarding the other rapes. The State asserts that admission of collateral crimes evidence was proper because the evidence established a common scheme or plan. The State also asserts that admission of the collateral crime evidence was necessary to rebut the defense of consent.
*351 The landmark case of Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), established the rule regarding admissibility of collateral crime evidence:
[T]he rule which we have applied in affirming this conviction simply is that evidence of any facts relevant to a material fact in issue except where the sole relevancy is character or propensity of the accused is admissible ... This rule we hold applies to relevant similar fact evidence ... even though it points to the commission of another crime.
In Williams, as here, the defendant claimed that sex with the victim had been consensual. A second victim's testimony was admitted to show plan, course of conduct, or common scheme. We find no error in the admission of the collateral crime evidence in this case. See Duckett v. State, 568 So.2d 891 (Fla. 1990; Eans v. State, 366 So.2d 540 (Fla. 3d DCA 1979).
Finally, we find appellant's other issues on appeal to be without merit, and deem any error in this case harmless, in light of the overwhelming evidence against appellant. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Accordingly, we affirm appellant's convictions in all respects.
Affirmed.