614 So.2d 1139 (1993)
STATE of Florida, Petitioner,
v.
Charles ZENOBIA, Respondent.
No. 93-0053.
District Court of Appeal of Florida, Fourth District.
February 11, 1993.
Barry E. Krischer, State Atty., and Ellen D. Roberts, Asst. State Atty., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for respondent.
FARMER, Judge.
We deny the state's petition for a writ of common law certiorari and write only to respond to Judge Dell's dissent. We view a judge's pretrial ruling on a motion in limine as entirely tentative. After evidence is actually adduced at the trial, the judge may suffer a change of mind and decide  contrary to a pretrial ruling  that evidence may have to be admitted or excluded. For that reason, we begin our *1140 analysis of a petition for certiorari seeking reversal of a pretrial exclusion of evidence with an inclination to forego extraordinary review.
When the pretrial exclusion is attended also by factual rulings by the trial judge  e.g., that even if relevant its prejudicial aspects outweigh its probative value  we are doubly reluctant to reverse such an exclusion. We recognize that the failure to review it now may all but render it unreviewable, because the state is not permitted to appeal an acquittal. That only means to us that there exists the theoretical possibility of pretrial, extraordinary review; it does not mean, however, that we should lessen our initial reluctance to disagree with a judge's factual finding.
To us, this is just another instance where the state has indicated an interest in proving crime A by showing little more than that the defendant committed crime B. Aside from the fact that the state's notice shows that both crimes involve a violation of the same statute and that both episodes have some features in common, the state has failed utterly to suggest in its notice what particular aspect  i.e., motive, opportunity, intent, preparation, plan, knowledge, or lack of consent  it really seeks to prove by such evidence. Hence, we think the kind of notice used here should be grounds for the exclusion of the evidence, simply because of the insufficiency of the notice.
Beyond that, however, the trial judge's written order excluding this section 90.404(1)(a) evidence contains particularized findings, holding that none of the grounds in the statute apply here. He said, e.g., that consent, modus operandi and identification  the only statutory possibilities he apparently found even remotely possible from the facts  are not in issue. He also expressly found as a factual matter that prejudice would outweigh any possible relevance served by this evidence.[1]
A primary consideration in this issue is how the other crimes evidence is going to play at trial. If the use of such evidence threatens to become the central focus of the trial, or if that evidence is significantly different from the evidence of the crime on trial in such a way that it might so "poison the well" that all the jury instructions in the world may not conceivably undo, then under those circumstances the trial judge should certainly exclude it.
That is precisely what the trial judge found here, and there is undeniably evidence supporting his view of the pertinent facts. These factual findings are uniquely within his province and not in ours. For us to say that the probative value of this excluded evidence exceeds any prejudice, however, we would have to substitute our own fact-finding for his.
We therefore deny the state's petition for a writ of common law certiorari in this case.
PETITION DENIED.
ANSTEAD, J., concurs.
DELL, J., dissents with opinion.
DELL, Judge, dissenting.
The State of Florida filed a petition for writ of common law certiorari challenging the trial court's order denying its motion to introduce evidence of similar crimes, wrongs or acts. The State charged respondent with armed kidnapping, armed sexual battery, and seventeen counts of sexual battery with force or injury allegedly committed from April 17, 1992 to May 3, 1992. The State seeks to introduce evidence of a prior incident of kidnapping and sexual battery by respondent also allegedly committed over an extended period of time.
The incidents have the following alleged points of similarity: (1) both victims were young women who met respondent through mutual friends, (2) both women became friends with respondent and willingly used cocaine with him for several days before he abducted them, (3) respondent abducted both women at gunpoint, (4) he made both women stay with him for extended periods *1141 of time by threatening to kill them and their families, (5) he beat and sexually battered both women on a daily or frequent basis, (6) he beat both women on the head with a gun and cut both on the leg with a knife, (7) he told both women he had Mafia and police connections which he would use against them, (8) both women used cocaine while under respondent's control, (9) he made both women carry his gun at certain times when he took them in public, (10) he returned to the homes of both women to take personal property and (11) both women had to escape to end their captivity.
In my view, the State has shown the relevancy of the evidence of the collateral kidnapping and sexual battery to the issues of the alleged victim's consent and respondent's plan, course of conduct or common scheme. The probative value of the evidence outweighs the danger of unfair prejudice to respondent. See Williams v. State, 592 So.2d 350 (Fla. 3d DCA), juris. accepted, 606 So.2d 1167 (Fla. 1992); Jackson v. State, 538 So.2d 533 (Fla. 5th DCA 1989). The record also shows the collateral evidence is relevant to the issue of respondent's intent on the kidnapping count. See Gould v. State, 558 So.2d 481 (Fla. 2d DCA 1990), quashed in part on other grounds, 577 So.2d 1302 (Fla. 1991).
In State v. Pettis, 520 So.2d 250 (Fla. 1988), the supreme court concluded:
While some pretrial evidentiary rulings may qualify for certiorari, it must be remembered that the extraordinary writ is reserved for those situations where "there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 96 (Fla. 1983).
Id. at 254. I believe this court should exercise certiorari jurisdiction. The trial court's exclusion of the similar crime evidence does not conform to established principles of law, and in the event of an acquittal, the state would have no appeal from the trial court's exclusion of this evidence. The trial court's order should be quashed.
NOTES
[1] The mere fact that the excluded "other crimes" evidence is relevant is hardly dispositive, for if it were irrelevant there would be little to detain us.