283 So.2d 53 (1973)
Lonnie Airfornia MARION, Appellant,
v.
STATE of Florida, Appellee.
No. 72-986.
District Court of Appeal of Florida, Fourth District.
September 7, 1973.
Rehearing Denied October 9, 1973.
Richard L. Jorandby, Public Defender, and Richard S. Power, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The sole point involved in this appeal is whether evidence tending to show that the accused had committed another crime was properly admitted into evidence within the test prescribed in Williams v. State, Fla. 1959, 110 So.2d 654. The Williams case establishes the rule that the test as to the admissibility of evidence as to prior similar offenses is its relevancy to a material fact in issue except where the sole relevancy is the bad character or propensity of the accused to commit a crime.
A review of the evidence in the record on appeal reflects the State's failure to meet the burden of demonstrating that the prior offense was "relevant to a factual issue" and was "not being introduced for the purpose of showing mere *54 propensity". See Franklin v. State, Fla. App. 1969, 229 So.2d 892. The only common denominator between the crime for which defendant was being charged and the prior offense was that both incidents were robberies allegedly committed by the defendant and an accomplice with a gun during the evening. The State failed to demonstrate that the prior criminal act fell into any of the familiar categories such as proof of identity, motive, pattern or intent, or common scheme or design. See Green v. State, Fla.App. 1966, 190 So.2d 42. Accordingly, the admission of the evidence relating to other criminal activity was error and the judgment of conviction and sentence is reversed and the cause remanded to the trial court for the purposes of a new trial.
Reversed.
OWEN, C.J., and CROSS and MAGER, JJ., concur.