292 So.2d 395 (1974)
Timothy Ellis DRAYTON, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 73-860, 73-1155.
District Court of Appeal of Florida, Third District.
April 2, 1974.
Phillip A. Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
*396 Before CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant was charged by information #73-1529 filed on March 6, 1973 with the robbery of one Alfred Gustinger on the night of September 11, 1972. By a second information (#73-1530) defendant also on March 6, 1973 was charged with the robbery of one James Nicholson on the evening of October 10, 1972. Separate jury trials were held on each charge at the conclusion of which the defendant was found guilty and sentenced to the state penitentiary.
At the first trial for the robbery of Mr. Gustinger, over defense counsel's objection, the court allowed Mr. Nicholson to testify that the defendant was the person who robbed him on October 10, 1972. Likewise, at the second trial, Mr. Gustinger was permitted to testify as to the appellant robbing him on September 11, 1972. The state proffered the above testimony on the grounds that it related to the issue of identity and common scheme and both juries were so cautioned in their consideration thereof.
On appeal, appellant contends that the trial court erred in allowing the testimony of other crimes where such testimony became a feature of the defendant's respective trials, thus denying defendant his right to a fair trial. We find merit in this contention.
Evidence revealing other crimes is admissible if relevant except to prove bad character or criminal propensities. Williams v. State, Fla. 1959, 110 So.2d 654; State v. Norris, Fla. 1964, 168 So.2d 541. Relevant evidence is evidence which proves or tends to prove any fact material to the issues in the case before the court. 13 Fla.Jur. Evidence § 113 (1957) and cases cited therein. In criminal cases the following may be at issue: identity, common scheme or design, guilty knowledge, intent, motive, or pattern, absence of mistake, alibi, entrapment, etc., and evidence is admissible if it is relevant to prove the above issues. See Marion v. State, Fla.App. 1974, 287 So.2d 419.
Turning to the case sub judice, the state contends that the testimony tending to show the accused had committed another crime was relevant to the issue of identity. However, the record on both cases clearly demonstrates that both victims positively identified the accused as the person who robbed them and thus the prosecution had adduced sufficient evidence to convict the appellant of the crimes charged. We, therefore, can only conclude that the testimony of a similar crime committed by the defendant was irrelevant and inadmissible as identity was not at issue there being eyewitness testimony clearly identifying the accused. Further, if identity is in issue the mere fact that a defendant was identified as being involved in another crime does not render such collateral evidence admissible without some similarity in the operation and scheme of both crimes. See Marion, supra at 422 and cases cited therein.
In the case at bar, the only common denominator between the two crimes with which defendant was charged was that both incidents allegedly were committed during the hours of darkness by the accused and an accomplice with a gun. Thus, we find that the state failed to demonstrate the requisite similarity in operation and the evidence of the prior similar offenses were being introduced only for the purpose of illustrating mere propensity in violation of the Williams rule. Cf. Marion v. State, Fla.App. 1973, 283 So.2d 53. In conclusion, we deem the following quote in Davis v. State, Fla.App. 1973, 276 So.2d 846 at 848 applicable to the instant case.
"But these are two separate and distinct crimes. One is not relevant. The evidence of one of the offenses would have no relevancy or material bearing on an *397 essential aspect of the other as required by Williams. One does not go to prove intent, common scheme, identity and certainly no general pattern as required by Williams. These are two separate and distinct crimes. The State went in for the overkill and in doing so committed reversible error."
For the reasons cited hereinabove, the judgments of conviction and sentences are reversed and the causes remanded for new trials.
Reversed and remanded.