317 So.2d 863 (1975)
George Eugene CLINGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 74-52.
District Court of Appeal of Florida, Second District.
August 20, 1975.
James A. Gardner, Public Defender, and Catherine Wings Slocum, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant Clingan was charged and convicted by a jury of committing a lewd and lascivious act in violation of § 800.04 F.S.
During the trial the complaining witness, a twelve year old male child, positively identified Clingan and described the incident. He related that Clingan approached him, lured him to a secluded area, suggested homosexual acts with him, and then grabbed his leg twice before he could get away.
Over objection, the trial court permitted a police officer to testify regarding a previous homosexual encounter between Clingan and an intoxicated adult male which occurred in a city park some four months prior to the present incident. The officer did not testify that Clingan had initiated the act or that any threats had been made.
The State failed to meet its burden of demonstrating that the collateral offense was relevant to a material fact in issue. The two offenses were so dissimilar that evidence of the prior offense would not tend to prove motive, intent, absence of mistake, identity or a common scheme or design. The testimony of the collateral act merely showed the bad character of the defendant and his propensity to commit a homosexual act. Banks v. State, Fla.App.1st 1974, 298 So.2d 543; Harris v. State, Fla. App.2d 1966, 183 So.2d 291. See Williams v. State, Fla. 1959, 110 So.2d 654; Marion v. State, Fla.App.4th 1973, 283 So.2d 53; Drayton v. State, Fla.App.3d 1974, 292 So.2d 395.
In view of our conclusion, it is unnecessary to consider the other points of law raised on this appeal.
*864 The judgment and sentence are reversed and the cause remanded for a new trial.
BOARDMAN and GRIMES, JJ., concur.