968 So.2d 634 (2007)
Walter WESSEL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3837.
District Court of Appeal of Florida, Second District.
October 26, 2007.
Steven S. Leskovich of Balliro, Galasso & Leskovich, LLC, Fort Myers, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Chief Judge.
Walter Wessel was convicted of two counts of lewd and lascivious molestation. Of the points raised in his appeal, we find merit in onethat the trial court erred by admitting evidence regarding Wessel's sexual orientation. Accordingly, we reverse and remand for a new trial.
Wessel was charged based on allegations that he inappropriately touched his two young grandsons during bath time and while tickling them. At trial, and over objection, a State witness was allowed to testify that Wessel was homosexual. When urging the admission of this evidence, the prosecutor argued that Wessel's sexual orientation was relevant to Wessel's intent when touching his grandchildren. In closing arguments, the prosecutor suggested this connection to the jury by asserting that the defendant's homosexuality was brought out at trial "because if the State needs to prove this touching is unchaste, part of his intent, part of what's going through his mind, he is attracted to men." However, the State offered no evidence of a connection between homosexuality and pedophilia.
This court has previously found reversible error in the admission of such evidence. *635 In a prosecution for committing a lewd and lascivious act on a minor, we held that evidence of the defendant's previous homosexual encounter with an adult was irrelevant and highly prejudicial. Clingan v. State, 317 So.2d 863 (Fla. 2d DCA 1975). And in a prosecution for a "crime against nature," we reversed based on the admission of irrelevant evidence showing that the defendant was homosexual. Harris v. State, 183 So.2d 291, 292 (Fla. 2d DCA 1966).
Likewise in this case, we conclude that the evidence was irrelevant and prejudicial. "[T]here is absolutely no showing that homosexuals as a group are disposed to engage in pederasty." Sias v. State, 416 So.2d 1213, 1217 (Fla. 3d DCA 1982). The Sias court concluded that the erroneous admission of a police officer's testimony regarding the defendant's sexual orientation was harmless because this fact was also established by properly admitted testimony of a codefendant. Here, on the other hand, the harmfulness of this irrelevant evidence was clear. It may well have caused the jury to believe that conduct it might have considered innocent was, instead, done with criminal intent solely because the defendant was homosexual. Indeed, wittingly or unwittingly, in her closing argument to the jury the prosecutor suggested just that. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986) (explaining that harmless error is found only when there is no reasonable possibility that error contributed to verdict).
Reversed and remanded for a new trial.
STRINGER and SILBERMAN, JJ., Concur.