991 So.2d 402 (2008)
Michael Alan LOFTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2540.
District Court of Appeal of Florida, Fifth District.
September 19, 2008.
James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
COHEN, J.
Michael Loftin appeals his conviction of eight counts for lewd and lascivious molestation by challenging the admission of certain evidence and its use during the prosecutor's closing argument. We affirm.
The victim, J.V., was a developmentally impaired fifteen-year-old boy Loftin met and befriended. Loftin later obtained the consent of J.V.'s parents for him to work with Loftin on a farm. J.V. primarily worked on weekends and began spending nights at Loftin's trailer. On various occasions, Loftin fondled J.V., performed oral sex on him, had him perform oral sex, and penetrated J.V. anally.
J.V.'s parents became concerned about his behavior at home and, when confronted, he acknowledged having sexual encounters with Loftin. A police report was filed, and a Citrus County Sheriff's Office investigator interviewed J.V., subsequently arranging for him to participate in a tape-recorded telephone call with Loftin. J.V. was instructed to tell Loftin that he kept a journal describing their sexual activity, and that it had been discovered by J.V.'s brother.
These phone calls are critical to this court's ultimate holding and thus, are set out in some detail as follows:
Loftin: What's going on?
J.V.: Yes.
Loftin: What's wrong?
J.V.: And I'm mad at my brother for going through my book that I wrote about what
Loftin: About what we did?

*403 J.V.: Yeah, what we did.
Loftin: You wrote it in a book?
J.V.: Yeah.
Loftin: So your mom knows?
* * *
Loftin: Well, your mom is not going to let you come over no more.
J.V.: No, because we had sex, that's why.
Loftin: She knows about that?
J.V.: Yes.
Loftin: Is she going to call the police?... But is she going to call the police on me?
J.V.: I don't know.
Loftin: You should never have put that in a book.... Where's the book at now?... You need to throw that away. Tear that part out. Don't tell anybody what we did.
* * *
J.V.: My mom don't know about that. Only [J.V.'s brother] knows about it.
Loftin: About the sex? ... Yeah. But if you keep that notebook, someone else might read it.
Loftin suggested on numerous occasions that J.V. destroy the notebook and expressed fear that if someone found it, he would go to prison. Incredibly, Loftin asked J.V. whether he would still be able to come over to his trailer. Loftin then decided that there was sufficient time before J.V.'s mother returned home for him to come over to J.V.'s home and pick up the notebook. Loftin stated, "I still want you to come over, but we've got to get rid of that book." When Loftin pulled into J.V.'s driveway, he was arrested by the investigating detective.
Loftin was subsequently interviewed and gave a tape-recorded statement at the jail. The detective inquired whether Loftin had adult videos in his trailer because J.V. claimed Loftin had shown him a pornographic movie involving two men. Loftin denied it, but stated, "But I do have two (unintelligible) that are kind of like kids with myor one is a box, I should say... with males." The detective then asked, "Are you gay?" Loftin responded that he was bisexual. When the detective asked if he had a preference for young males, Loftin responded, "I used to a long time ago. I like helping young guys out and this is all this was...."
Prior to trial, the court denied Loftin's written motion in limine seeking to exclude mention of Loftin's sexual preference.[1] The prosecutor elicited this evidence during the State's case-in-chief and mentioned it, albeit briefly, in closing argument. The court continued to overrule Loftin's objections. No evidence was presented or proffered demonstrating any connection between homosexuality or bisexuality and pedophilia. The defendant's sexual orientation was not relevant, and the trial court erred in admitting the evidence and allowing such argument. Wessel v. State, 968 So.2d 634, 635 (Fla. 2d DCA 2007); Sias v. State, 416 So.2d 1213, 1217 (Fla. 3d DCA 1982).
Despite our holding that it was erroneous to admit evidence relating to Loftin's sexual preference, we conclude it was harmless. After examining the entire record, we conclude there is no reasonable possibility that the error contributed to the *404 conviction. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). While the victim's testimony alone might not have met this standard, we are not convinced that the evidence and argument concerning Loftin's sexual preference contributed to the verdict. However, we are convinced that Loftin's tacit admissions and statements during the controlled phone call did.
AFFIRMED.
SAWAYA and LAWSON, JJ., concur.
NOTES
[1] When the parties argued the motion in limine, neither the defense counsel nor the prosecutor cited a single case in support of or in opposition to the motion. While it is the responsibility of the trial judge to "get it right", in this time of shrinking budgets and increasing caseloads, a modicum of legal research by counsel would have greatly assisted the presiding judge.